STATE OF NORTH CAROLINA v. THOMAS HAILSTOCK

No. 725SC541

(Filed 2 August 1972)

1. **Robbery § 5— armed robbery prosecution — failure to instruct as to lesser degrees of crime — no error**
    In a prosecution where the State's evidence tended to show an offense of armed robbery and defendant's evidence amounted to a complete denial of the State's evidence, the trial court did not err in failing to instruct the jury as to lesser degrees of the crime charged because such instruction is not required when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees.

2. **Criminal Law § 66— in-court identification of defendant**
    Findings made by the trial judge on *voir dire* supported his conclusion that an in-court identification of defendant by an armed robbery victim was not tainted by photographs the victim had seen and was based solely on observation of defendant at the time the crime was committed.

**3. Criminal Law §§ 91, 175— motion for recess addressed to judge's discretion — no review on appeal**

The trial court's refusal to grant a motion for a second recess for the purpose of allowing defendant to locate a witness who allegedly would have testified as to defendant's alibi could not be reviewed on appeal, since such motions addressed to the sound discretion of the trial judge are subject to review only in case of manifest abuse of discretion.

APPEAL by defendant from *Copeland, Special Judge,* 7 February 1972 Session of NEW HANOVER Superior Court.

Defendant was charged with armed robbery, a jury found him guilty as charged, and from judgment imposing prison sentence of not less than fifteen nor more than twenty years defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Walter E. Ricks III for the State.*

*Jeffrey T. Myles for defendant appellant.*

BRITT, Judge.

Defendant contends that the court erred in not instructing the jury as to lesser degrees of the crime of armed robbery. We do not agree with this contention.

[1] The State's evidence tended to show: Defendant entered the Zip Mart on Princess Place Drive in Wilmington, North Carolina, at about 10:30 p.m. on 22 October 1971. When defendant was checking out his purchase and Chester Hayes, the cashier, opened the cash register drawer, defendant drew a sawed-off, double barrel shotgun on Hayes and said: "Hand me all your money. Don't try anything or I'll blow your brains out." Defendant took the money and left the store.

Defendant's evidence tended to show that he was drinking with some companions at a place called the Four Winds at about 10:30 p.m. on the night in question and after that was at another address until about 2:00 or 3:00 a.m. and had nothing to do with the robbery.

The State produced evidence that defendant at the time of the robbery had a firearm in his possession and that with the use or threatened use of said weapon whereby the life of Chester Hayes was endangered or threatened, did unlawfully

take personal property from the said Chester Hayes, in violation of G.S. 14-87. Defendant's evidence amounted to a complete denial of the State's evidence. It is settled law that the trial court is not required to charge the jury upon the question of a defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees. *State v. Worthey,* 270 N.C. 444, 154 S.E. 2d 515 (1967) ; *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690 (1970), 3 Strong, N.C. Index 2d, Criminal Law, § 115, p. 21.

[2] Defendant also contends that the in-court identification of defendant by the robbery victim was improperly admitted into evidence. We find no merit in this contention. A voir dire examination was conducted in the absence of the jury to determine if the identification of the defendant had been tainted by prior suggestive photographic identification procedures. Following voir dire the court found no prior suggestive procedures. The findings of fact of the trial judge are conclusive on appeal if supported by the evidence. *State v. Smith,* 278 N.C. 36, 178 S.E. 2d 597 (1971). The victim of the robbery stated on his own initiative that, "(t)he defendant who is in the courtroom is the same man who was in my store." As evidenced by this statement and other competent testimony there was plenary evidence to support the findings of fact of the trial judge. These findings support the conclusion of the trial court that the identification of defendant was not tainted by photographs the victim had seen and was based solely on observation of defendant at the time the crime was committed.

[3] Defendant next contends that the court erred in refusing to grant defendant's motion for a recess to locate a witness sworn the previous day who allegedly would have testified as to defendant's alibi. We find this contention without merit. The court granted a five minute recess to locate the witness. After an unsuccessful attempt defendant moved for a second recess. This motion was denied but the court stated that the witness would be allowed to testify if he appeared before the jury began its deliberations. The jury began its deliberations one hour and twenty minutes after the denial of the motion. There was no indication as to where the witness might be and nothing in the record indicates that the witness had been subpoenaed so as to require his testimony. There is no evidence as to how the witness would have substantiated the defendant's

alibi. Defendant already had alibi witnesses but they had criminal records. The missing witness allegedly did not have a criminal record, however, any additional weight of this testimony would have been conjectural.

Defendant does not cite, and we do not find, any authority in this jurisdiction pertaining to recesses during the course of a trial but we think the same rule applicable to continuances would apply to recesses. It is well settled that a motion for continuance of a trial is addressed to the sound discretion of the trial judge and his ruling thereon is not subject to review on appeal except in a case of manifest abuse. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386 (1964); *State v. Creech,* 229 N.C. 662, 51 S.E. 2d 348 (1949). There is nothing before the court in this record to indicate any abuse of discretion.

Defendant's other assignments of error have been carefully considered but are found to be without merit.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.