STATE OF NORTH CAROLINA v. AARON HARPER

No. 7416SC197

(Filed 6 March 1974)

1. **Constitutional Law § 32— appointment of advisory counsel**
   Defendant was not prejudiced by the court's appointment of counsel for the limited purpose of furnishing advice to him if so requested after defendant had voluntarily and in writing waived his right to counsel.

2. **Criminal Law §§ 99, 170— comments by trial judge — absence of prejudice**
   Comments by the trial judge, while disapproved, were not sufficiently prejudicial to warrant a new trial.

APPEAL by defendant from *Bailey, Judge,* 1 October 1973 Session of Superior Court held in ROBESON County.

Defendant was convicted in the district court upon warrants charging operation of a motor vehicle on the public

highways without a driver's license, failure to stop for siren, operating a motor vehicle while under the influence of intoxicating liquor, operating a motor vehicle in excess of 100 miles per hour in a 35 mile per hour zone, and reckless driving. He appealed to the superior court for trial de novo. Defendant was also indicted in a two-count bill of indictment, proper in form, for felonious breaking and entering and felonious larceny of an automobile. All charges were consolidated for trial in the superior court. Defendant entered a plea of not guilty and requested a jury trial.

After being fully advised of the accusations against him and of his right to counsel, defendant executed written waivers of counsel in both the district and superior courts and elected to defend himself.

The State's evidence tended to show that Rawls Chevrolet Company in the town of Fairmont was broken into the night of 19 July 1973 and a 1968 Chevrolet automobile was stolen. Police officer William Johnson, who was on night patrol, arrived at the scene just as the Chevrolet car was being driven from the premises and gave chase. While the officer was following, the Chevrolet reached a speed of 100 miles per hour in a 35 mile per hour zone on Main Street in Fairmont. The blue light and siren of the police car were on, but the driver of the Chevrolet did not stop until he ran into a ditch and hit a stop sign. Officer Johnson testified that he pulled up on the driver's side of the Chevrolet within about two feet and saw the defendant whom he had known all his life come from beneath the steering wheel and run into an adjacent cemetery. He followed defendant but was unable to apprehend him. Officer Tom Jones arrived and continued the search and within about five minutes found defendant hiding behind a tombstone and took him into custody. Defendant was staggering, rowdy, smelled of liquor, and in the opinion of the officers was under the influence of some alcoholic beverage. He did not have a driver's license with him and a subsequent check with the Motor Vehicle Department disclosed that he had none.

The evidence for defendant consisted principally of State's witnesses recalled for questioning concerning the arrest and one witness who testified that he heard Officer Johnson testify at the preliminary hearing that defendant was picked up at a church about one-half mile from the cemetery in question.

---

---

The State took a nol pros as to the charge of reckless driving. Defendant was convicted by the jury upon all the other charges except felonious breaking and entering which was reduced to non-felonious breaking and entering. From judgments imposed upon the verdicts, he has appealed.

*Attorney General Morgan, by Assistant Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for the State.*

*Johnson, Hedgpeth, Biggs & Campbell, by W. Allen Webster, for defendant appellant.*

BALEY, Judge.

The errors assigned by defendant fall into two categories: (1) appointment by the court of advisory counsel after the defendant had voluntarily and in writing waived his right to counsel; and (2) comments and conduct of the court during the trial which defendant suggests were prejudicial.

[1]  The trial judge in the superior court was particularly solicitous of the right of defendant to counsel. After advising defendant fully concerning the penalties involved in the offenses for which he was being tried and the value of an attorney to represent him, the following colloquy occurred between the judge and defendant:

THE COURT: Now, under all of those circumstances, do you still wish to represent yourself?

DEFENDANT HARPER: Yes, sir.

THE COURT: You understand that the State will employ a lawyer for you if you want one?

DEFENDANT HARPER: Yes, sir.

THE COURT: Do you want one?

DEFENDANT HARPER: No, sir.

THE COURT: Do you want one to sit with you simply to advise you?

DEFENDANT HARPER: Okay, to advise me.

THE COURT: All right, I will do that. Who have we got that is a good adviser?

State v. Harper

MR. BRITT: Mr. Durham over there represents the State in other courts. I see Mr. Webster sitting over there, with the blue coat on.

THE COURT: Mr. Webster, would you be willing to assume the rather unusual task of simply advising this gentleman when he seeks advice?

MR. WEBSTER: Yes, when he seeks advice, your Honor.

THE COURT: When he asks you something, you may tell him.

MR. WEBSTER: Yes, sir.

THE COURT: Otherwise, you have no responsibility in the case, but I will appoint you in the matter in an advisory capacity, only.

MR. WEBSTER: Yes, sir.

THE COURT: All right. Mr. McCall, will you write out such an appointment, that Mr. Webster is appointed to act as adviser.

THE CLERK: Yes, sir, your Honor.

THE COURT: You may not know it, but that is just about the most difficult role that a lawyer may have.

MR. WEBSTER: I realize that.

THE COURT: Now, Mr. Harper, any stage of this trial that you want to ask Mr. Webster a question about procedure or the law, you may ask him. He will not volunteer anything. He will not interfere with the trial of this case, except to the extent that you request him to. Is this arrangement satisfactory with you in every respect?
(no audible reply from the defendant.)

There is no merit in the contention of the defendant that he was prejudiced in any respect by the appointment of counsel for the limited purpose of furnishing advice to him if so requested. A defendant may waive his right to appear by counsel and appear *in propria persona. State v. Mems,* 281 N.C. 658, 190 S.E. 2d 164; *State v. Morgan,* 272 N.C. 97, 157 S.E. 2d 606; *State v. McNeil,* 263 N.C. 260, 267-68, 139 S.E. 2d 667, 672. In this case defendant did waive counsel and conducted

his own defense. He cross-examined witnesses, objected to admissibility of evidence, and otherwise participated in the trial. Out of an abundance of caution in the protection of defendant's right, the trial court with defendant's consent made an attorney available during the trial in the event defendant decided that he needed an attorney. The court did not require defendant to use the stand-by counsel. There is no showing by defendant that he sought or received any advice from the attorney who was appointed or that such attorney interfered with him in the conduct of his trial. After conviction by a jury he cannot now be heard to complain about either the lack of an attorney which he had waived or the availability of an attorney whose services he did not choose to use.

[2] The comments of the trial judge to which defendant takes exception, while undoubtedly made in a spirit of levity and jest, were inappropriate and did not lend dignity to the court proceedings; however, we do not feel they were sufficiently prejudicial to warrant a new trial. Since the judge occupies such an exalted position in the trial, it is imperative not only that he be fair and impartial in his comments and actions, but that the appearance of such fairness and impartiality be scrupulously maintained. The evidence of the guilt of defendant was overwhelming, and the remarks of the court in this case, while not approved, could not have materially affected the ultimate verdict and were harmless error beyond a reasonable doubt. *Cf. Chapman v. California*, 386 U.S. 18 (1967); *State v. Braswell*, 283 N.C. 332, 196 S.E. 2d 185; *State v. Bryant*, 283 N.C. 227, 195 S.E. 2d 509.

The evidence was sufficient for submission to the jury on the charge of felonious larceny, and the objection to the failure of the court to instruct the jury with respect to an unlawful taking of a vehicle as defined in G.S. 20-105 is overruled.

We find no prejudicial error in defendant's trial.

No error.

Judges CAMPBELL and HEDRICK concur.