State v. Falk

STATE OF NORTH CAROLINA v. DAVID NEFF FALK

No. 768SC984

(Filed 18 May 1977)

1. **Criminal Law § 128.2; Jury § 5— witness not on list — recognition of jurors — motion for mistrial**

    The trial court did not err in the denial of defendant's motion for mistrial made on the ground that defendant was prejudiced in the selection of the jury because of the State's failure to include in a list of its witnesses furnished to defendant the name of a witness who testified on cross-examination that he recognized two of the jurors.

2. **Criminal Law § 34.4; Robbery § 3— robbery case — offer to sell heroin**

    The trial court in a robbery case did not err in permitting the victim to testify that defendant offered to sell him some "junk" or "smack" and that "smack" is heroin since the testimony was relevant as a part of the chain of circumstances leading up to the robbery.

3. **Robbery § 3— officer's use of gun and handcuffs — testimony not prejudicial**

    The defendant in a robbery case was not prejudiced by the victim's testimony that an officer pulled out his revolver and handcuffed the defendant.

APPEAL by defendant from *Smith, Judge.* Judgment entered 2 July 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 4 May 1977.

Defendant, David Neff Falk, was charged in a bill of indictment, proper in form, with the common law robbery of Drewey Moore. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

Between 8:30 and 9:30 p.m. on 5 March 1976, Drewey Moore was hitchhiking at the intersection of Highways 70 and 117 near Goldsboro, North Carolina, when a car containing defendant and three other boys stopped, and they offered him a ride. Moore got into the back seat with defendant. The defendant offered to sell Moore some heroin which he refused. The boys were at first rowdy, but then became quiet and began whispering among themselves. The driver suddenly pulled the car over into a field and stopped. The four boys pulled Moore out of the car, kicked and beat him, took his wallet, checkbook and knapsack which contained textbooks and papers, and then drove away.

Danny Buck, who was parked in the field with his girlfriend and who witnessed the entire incident in the field, drove his car over to Moore and gave him a ride. After they got back on the highway, they soon came upon the four boys who had been stopped by Officer J. S. Flowers of the Wayne County Sheriff's Department. Moore told the officer that the boys had robbed him. The officer pulled out his revolver and arrested the four boys. Moore's wallet, checkbook, knapsack, textbooks, and papers were found in the back seat of the four boys' car.

Defendant offered evidence tending to show that although he was a passenger in the car with the other three boys, he in no way participated in the robbery of Moore.

The jury found defendant guilty as charged, and from a judgment imprisoning defendant for 18 months as a committed youthful offender, he appealed.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for the State.*

*Barnes, Braswell, & Haithcock by Michael A. Ellis for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant first contends the court erred in denying his motion for a "mistrial." While defendant's counsel was cross-examining the State's witness Buck, the witness said that he recognized the faces of two of the jurors. The district attorney had not given Buck's name to the defendant along with the other names of the State's witnesses before the trial commenced. Defendant now argues, as he did before the trial judge, that the State's failure to include Buck in its list of witnesses prejudiced the defendant in the selection of the jury. We do not agree. Ordinarily a motion for a mistrial is addressed to the discretion of the trial court, and the judge's ruling thereon is not reviewable on appeal in the absence of a showing of an abuse of discretion. 4 Strong, N. C. Index 3d, Criminal Law § 128.1 (1976). Defendant has shown no abuse of discretion in the court's denial of his motion for a mistrial in the present case.

[2]   Defendant contends the court erred in allowing Moore, over defendant's objection, to testify that defendant offered to sell him some "junk" or "smack," and that "smack" was heroin.

Defendant argues that the challenged testimony was irrelevant and prejudicial to his case in the minds of the jurors. We do not agree. Moore was merely allowed to describe what transpired in the automobile with respect to the defendant and the other occupants immediately before the robbery. We think that the challenged testimony was relevant as a part of the chain of circumstances leading up to the robbery and was competent to develop properly the evidence at trial. *State v. Jenerett*, 281 N.C. 81, 187 S.E. 2d 735 (1972); *State v. Christopher*, 258 N.C. 249, 128 S.E. 2d 667 (1962).

[3] Finally defendant argues that the court erred in allowing Moore to testify that " . . . Officer Flowers had to pull out his revolver and handcuff the defendant. I don't know if he had handcuffed the defendant or not, but he handcuffed somebody." We recognize that the statement challenged by this exception was the conclusion of the witness, but we perceive no prejudice whatsoever in the court's failure to strike the testimony.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.