STATE OF NORTH CAROLINA v. EVELYN HORTON

No. 7910SC626

(Filed 18 December 1979)

1. **Robbery § 3.2; Searches and Seizures § 36— warrantless search incident to arrest—admissibility of knife in defendant's pocketbook**

   In an armed robbery prosecution where the victim told investigating officers that defendant had held a knife to her throat during commission of the crime, the trial court did not err in admitting into evidence a knife taken from defendant's pocketbook without a warrant, since the officer who arrested defendant was preparing to return the pocketbook to her and had a right for his own protection to search it for weapons.

2. **Criminal Law § 91.7— absence of alibi witness—continuance properly denied**

   The trial court did not abuse its discretion in denying defendant's motion to continue the case in order for her to obtain an alibi witness where defendant had issued a subpoena for the witness but did not know his address, and the deputy sheriff, in an attempt to serve the subpoena, went to the witness's last known address in two cities and tried to ascertain the witness's place of employment through the SBI, based on his social security number.

3. **Criminal Law § 34.4; Robbery § 3— armed robbery—accomplice's attempted sexual assault—admissibility of evidence**

   In a prosecution for armed robbery, the trial court did not err in permitting the victim to testify that, during the course of the crime, defendant left the room and her accomplice attempted a sexual assault upon her, since the State was entitled to prove all the events integral to the incident for which defendant was charged, including a separate crime committed by defendant's accomplice during the course of the robbery.

4. **Criminal Law § 114.2— armed robbery—instruction on use of knife—no expression of opinion**

   In a prosecution for armed robbery, the trial court did not express an opinion that the State had proved defendant used a knife when the court used the expression, "the manner in which the defendant used it or threatened to

use it," when instructing the jury on determining whether the knife introduced into evidence was dangerous to the life of the victim.

APPEAL by defendant from *Lee, Judge.* Judgment entered 8 February 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 29 November 1979.

The defendant was charged with armed robbery. The State's evidence tended to show that Ella McLeod, a 72-year-old widow had known the defendant for approximately 30 months on 7 April 1978. On that date, defendant and a black male entered the home of defendant and robbed her. During the robbery, defendant held a knife at the throat of Mrs. McLeod. Mrs. McLeod told the investigating officers that the defendant was carrying a purse when she left Mrs. McLeod's home. The next day, Dennis Harrell, a detective with the City of Raleigh Police Department, went to the home of defendant and arrested her. Detective Harrell testified that at that time the defendant wanted to take her pocketbook with her to police headquarters, and he told her she could not carry it while she was handcuffed. As a convenience for defendant, he carried her pocketbook for her to the Investigative Division of police headquarters. At the Investigative Division, a detective was preparing to give the pocketbook to defendant. Mr. Harrell testified: "I told her that before I gave it back to her I had to search it for weapons for my own protection. I searched it and found the knife." The defendant moved to suppress the knife as evidence and a hearing was held prior to the trial on this motion. The court made findings of fact consistent with the testimony of Mr. Harrell and concluded the search of the pocketbook during which the knife was found was incident to a lawful arrest. The judge denied the motion to suppress.

The defendant was convicted and sentenced to prison. She has appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Samuel O. Southern for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error deals with the admission into evidence of the knife taken from defendant's pocket-

book. She contends it should have been suppressed because it was found as the result of an unlawful search. Defendant relies on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed. 2d 538 (1977). In that case, the United States Supreme Court affirmed the exclusion from evidence of marijuana taken from a footlocker belonging to defendant. The defendant was in custody at the time of the search and the officers had possession of the footlocker with probable cause to believe it contained marijuana. The Supreme Court held that this did not excuse the officers from obtaining a search warrant. The Court recognized that one exception to the rule requiring a search warrant is found in the situation when an officer has the right to search for weapons on the person or items within the immediate control of a person arrested. We hold the case sub judice falls within this exception. When Mr. Harrell was preparing to return the pocketbook to defendant, he had the right for his own protection to search it for weapons.

[2] The defendant's second assignment of error deals with the court's refusal to grant her motion to continue the case in order for her to obtain an alibi witness. The defendant had issued a subpoena for Bernard Estes, who she said would testify as an alibi witness for her. The defendant did not know the address of the witness. In an attempt to serve the subpoena, a deputy sheriff went to Mr. Estes' last known address in Raleigh and his last known address in Holly Springs. At each place, the deputy was told Mr. Estes had moved and left no forwarding address. The Sheriff's Department also tried to ascertain Mr. Estes' place of employment through the State Bureau of Identification, based on his social security number. No record of his being employed for the previous six months could be found. He had previously been a probation absconder. Based on these facts, we hold the court did not abuse its discretion in denying the motion for continuance. *See State v. Hailstock*, 15 N.C. App. 556, 190 S.E. 2d 376 (1972).

[3] The defendant's third assignment of error deals with the court's allowing Mrs. McLeod to testify that during the course of events which led to the charges against defendant, the defendant left the room and her accomplice attempted a sexual assault upon Mrs. McLeod. Defendant contends this evidence was irrelevant to the charge against defendant and it only served to prejudice the jury against her. This assignment of error is overruled. The State

was entitled to prove all the events integral to the incident for which defendant was charged. This would include a separate crime committed by defendant's accomplice during the course of the robbery. *See State v. Falk*, 33 N.C. App. 268, 234 S.E. 2d 768 (1977).

[4]   The defendant's fourth assignment of error deals with the charge. Judge Lee instructed the jury in part as follows:

> "In determining whether the knife introduced into evidence in this case was dangerous to the life of Ella McLeod, you would consider the nature of the weapon or the knife, the manner in which the defendant used it or threatened to use it, and the size, age and strength of the defendant Evelyn Horton as compared to the size, age and strength of Ella McLeod."

The defendant contends this statement violates G.S. 15A-1232. She says this is so because the court expressed an opinion that the State had proved defendant used a knife when the judge used the expression: "the manner in which the defendant used it or threatened to use it." This part of the charge is in accord with the Pattern Jury Instructions. *See* N.C.P.I.—Crim. 217.30. Immediately prior to the portion of the charge set forth above, the court charged the jury that the State had to prove beyond a reasonable doubt that defendant had in her possession a dangerous weapon. Reading the charge contextually, we believe it is clear Judge Lee instructed the jury they must be satisfied beyond a reasonable doubt that defendant had a deadly weapon, and he did not express an opinion that the State had proved this fact.

No error.

Judges VAUGHN and MARTIN (Harry C.) concur.