STATE OF NORTH CAROLINA v. JAMES MILLER GOODE, JR.

No. 7910SC617

(Filed 8 January 1980)

1. **Constitutional Law § 48; Criminal Law § 175.2— denial of recess—effective assistance of counsel**

    Defendant was not denied the right to effective assistance of counsel by the court's denial of his motion for a recess at the close of the State's evidence in order to make a decision as to whether to present evidence.

2. **Criminal Law § 99.9— inappropriate question by court—absence of prejudice**

    Where an officer testified that defendant was on foot and that he pursued defendant in his car, and defense counsel asked the officer a question pertaining to the speed of his car, the court's question, "You weren't planning to pull him for speeding, were you?" was inappropriate but was not sufficiently prejudicial to require a new trial.

3. **Constitutional Law § 46— refusal to permit counsel to withdraw—effective assistance of counsel**

    Defendant was not denied the effective assistance of counsel by the court's refusal to permit defendant's retained counsel to withdraw unless and until defendant employed other counsel or by the court's denial of a continuance.

4. **Constitutional Law § 48— effective assistance of counsel—failure of counsel to obtain recording of police radio communication**

    Defendant was not denied the effective assistance of counsel by the failure of his attorneys to obtain recordings of the police radio communication on the night of defendant's arrest for breaking and entering a restaurant and larceny of property therefrom where defendant could not have been materially aided by such transmission in light of the overwhelming evidence of defendant's guilt, including an officer's positive identification of defendant as the man he saw run out of the restaurant.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 8 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 27 November 1979.

Defendant was indicted for feloniously breaking and entering Swain's Charcoal Steak House in Raleigh and the larceny of wine having a value of $108.00. He was convicted by a jury on both counts and sentenced to consecutive sentences in prison. Defendant appealed.

*Attorney General Edmisten by Associate Attorney Lucien Capone III, for the State.*

*Loflin, Loflin, Galloway & Acker, by Thomas F. Loflin III and James R. Acker, for the defendant.*

MARTIN (Robert M.), Judge.

[1] In his first argument, defendant contends that the court erred in failing to grant defendant a recess at the close of the State's evidence. He contends the denial of his motion for recess deprived him of the effective assistance of counsel and of a fair trial. We disagree.

The record shows the following exchange occurred:

COURT: Will there be evidence for the defense?

MR. RATLIFF: Your Honor, we have motions first, and then we —

COURT: They are denied. Will there be evidence for the defense?

MR. RATLIFF: Your Honor, we ask for a short recess.

COURT: Sir.

MR. RATLIFF: We ask for a recess.

COURT: Will there be evidence for the defense? Answer my question and I will answer yours.

MR. RATLIFF: Your Honor, I need to make that decision during recess, Your Honor.

COURT: Proceed.

MR. RATLIFF: The defendant's counsel offers no evidence, Your Honor.

COURT: The defendant will have the opening and the closing.

MR. GOODE: No. I'd like to testify in my behalf.

COURT: You said that he was offering no evidence.

MR. RATLIFF: That was my statement, Your Honor.

COURT: Well, then, have him sit down.

MR. GOODE: I want to testify in my own behalf.

COURT: Ladies and gentlemen, I will let you go out of the room.

The same rule applicable to continuances would apply to recesses. *State v. Hailstock,* 15 N.C. App. 556, 190 S.E. 2d 376 (1972). A motion for continuance of a trial is addressed to the sound discretion of the trial judge and his ruling thereon is not subject to review on appeal except in a case of manifest abuse. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386 (1964); *State v. Hailstock, supra.* However, when the motion is based on a right guaranteed by the federal and State constitutions, the question presented is one of law and not discretion, and the decision of the trial court is reviewable. *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296 (1972); *State v. Phillip, supra.* The right to the effective assistance of counsel, guaranteed by both the Constitution of the United States and the Constitution of North Carolina, includes the right of the accused to consult with his counsel. Thus, the question presented by this appeal is whether the denial of a recess deprived defendant of a constitutional right.

The judge and defendant's counsel share the twofold responsibility of enforcing defendant's right of a fair trial and of keeping the trial moving at a reasonable speed. Courts cannot keep trials moving at a reasonable speed when interrupted by unnecessary recesses for counsel and litigants to decide on trial tactics. The judge is in charge of the proceedings and must be given sufficient discretion to meet the circumstances of each case. *See State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972); *also see State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974). Ordinarily, a quiet conference between attorney and client, seated at the same table, is sufficient to enable counsel to proceed with the defense of his client in an orderly fashion. In *State v. McFadden,* 292 N.C. 609, 616, 234 S.E. 2d 742, 747 (1977), Justice Branch (now Chief Justice) stated:

We wish to make it abundantly clear that we do not approve of tactics by counsel or client which tend to delay the trial of cases. Our clogged court dockets and the tortoise-like progress of cases through our courts have caused criticism

of, and disrespect for, the entire court system. The public is demanding and the legal profession should be searching for means to expedite the trial of criminal and civil cases without depriving litigants of a fair trial.

Moreover, we do not perceive what more could have been accomplished by a recess for counsel and defendant to resolve their differences. The court explained to defendant his right to testify and the consequences if he chose to do so.. Defendant has not shown that the denial of a recess deprived him of any constitutional right and no abuse of discretion has been shown. The assignment of error is overruled.

[2]   In defendant's second argument, he contends the court erred in expressing an opinion on the evidence and credibility of the witnesses. The officer had testified that defendant was on foot and he pursued him in his car. The court interjected as follows:

> MR. RATLIFF: All right, he was going fast enough to keep ahead of you in the car and you were doing 10 miles/hour?
>
> OFFICER HOLLOWAY: I was behind him. I didn't you know, try to run over him or anything. I mean —
>
> COURT: You weren't planning to pull him for speeding, were you?
>
> A. No, he wasn't speeding enough that I should give him a citation for anything.

The question posed to Officer Holloway by the court apparently was made in a spirit of levity. While it was inappropriate, and we do not approve such questions, the asking of it was not sufficiently prejudicial to defendant to require a new trial. *State v. Harper*, 21 N.C. App. 30, 202 S.E. 2d 795 (1974).

Defendant has assigned error to portions of the trial judge's summary of the evidence and instructions to the jury. We have carefully considered and conclude that, when read contextually, as we are required to do, *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970), the challenged portions of the instructions and summary are free from prejudicial error. We therefore overruled the assignments of error.

[3]  We disagree with defendant that his constitutional rights were abridged by action of the court in denying counsel's motion to withdraw and refusing a continuance. By his third argument, defendant argues that the denial of his motion deprived him of the effective assistance of counsel. An attorney's motion to withdraw is subject to leave of the court. *State v. Penley,* 6 N.C. App. 455, 170 S.E. 2d 632, *cert. denied,* 276 N.C. 85 (1970). Defendant possessed the exclusive power to hire or discharge his retained counsel. *State v. McFadden, supra.* In denying counsel's motion to withdraw, Judge Lee made it clear that Mr. Ratliff would be allowed to withdraw at such time as defendant employed other counsel. Defendant was told that he could retain other counsel. He was even offered court-appointed counsel, which offer was refused by defendant. He was told he had the right to represent himself. Despite all of this, defendant appeared at trial with Mr. Ratliff and Mr. Shyllon, an associate of Mr. Ratliff. Neither Judge Lee's refusal to grant counsel's motion to withdraw until defendant had obtained new counsel nor the denial of the motion for continuance was an abuse of discretion. Defendant has utterly failed to demonstrate how or even if he was prejudiced thereby. The assignment of error is overruled.

[4]  By his fifth argument, defendant contends that the failure of counsel to obtain the recordings of the police radio communication the night of defendant's arrest resulted in ineffective assistance of counsel. We disagree. We cannot see how defendant would have been materially aided by such a transmission as he claims to have heard in light of the overwhelming evidence of his guilt including the positive identification of defendant by Officer Holloway as the man he saw run out of the restaurant. Defendant's claim of incompetence of counsel is meritless under the standard enunciated in *State v. Sneed,* 284 N.C. 606, 201 S.E. 2d 867 (1974).

Defendant's remaining assignments of error are without merit and are overruled. In the trial defendant has not shown prejudicial error.

No error.

Judges HEDRICK and WELLS concur.