THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
GREGORY SETTECASE, Defendant-Appellee.
First District (4th Division)   No. 82—2084

Opinion filed November 17, 1983.—Rehearing denied December 7, 1983.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Thomas A. Rieck, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:
The State appeals from an order of the circuit court of Cook County sustaining defendant's motion to suppress physical evidence which was obtained during an inventory search of defendant's person at the police station following his arrest for disorderly conduct. In this appeal the State contends that the search, which uncovered various controlled substances, was valid as incident to a lawful arrest and as an inventory of defendant's possessions while in police custody as a result of a lawful arrest. Although defendant has not filed a brief in this case, we elect to consider the merits of the State's appeal in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, and *People v. Turner* (1982), 105 Ill. App. 3d 393, 434 N.E.2d 428, and reverse and remand for further proceedings.

The evidence adduced at the hearing on defendant's motion to suppress showed that defendant was arrested about 7:30 p.m. on September 27, 1980, in the vicinity of 4640 Lawn Avenue in Western Springs, Illinois. Defendant testified that to his knowledge he was not violating any laws at the time of his arrest, and that the officer did not have a search warrant or a warrant for his arrest. He did admit, however, that he had been dropped off in the vicinity and was fairly well intoxicated at the time. He did not recall being on the porch at that address and

stated that he was arrested on the sidewalk.

Officer Harry Gustafson testified that he responded to a call from a citizen that there was an intoxicated man on her property. When he arrived at that address, in uniform, he observed defendant on the front porch of the residence with his hand on the front door apparently attempting to open it. The officer asked defendant for identification and to explain what he was doing there. Defendant, however, could not produce any identification and told the officer to get out of his way or he would knock him off the porch. The officer then grabbed defendant by the arm, handcuffed him, and placed him in a squad car which just arrived on the scene. Defendant was then arrested for disorderly conduct and transported to the Western Springs police station.

Before being placed in a cell at the station, the police conducted an inventory of defendant's belongings in accordance with their standard procedure. Gustafson stated that this was done to ascertain what property defendant had on his person, in order to protect his interests and those of the police department. During this inventory, a small closed metal box resembling an aspirin container was recovered from defendant's shirt pocket. An inspection of its contents revealed a small quantity of tablets and capsules and a chunk of green material, which the police suspected were controlled substances. Defendant was subsequently charged with two counts of possession of a controlled substance, *i.e.*, valium and pentobarbital. Ill. Rev. Stat. 1979, ch. 56½, par. 1402(b).

Prior to trial defendant filed a motion to suppress the evidence found in the metal container. In that motion he alleged that he had a legitimate expectation of privacy in the container, and that the search made without his consent or without a warrant was unlawful.

After hearing the evidence and the arguments and citations of authority from opposing counsel, the trial court found that the arrest was proper, but held that under the Illinois Supreme Court decision in *People v. Helm* (1981), 89 Ill. 2d 34, 431 N.E.2d 1033, the search of the closed container as part of an inventory search was improper. The trial court sustained the motion to suppress, and the State filed notice of appeal from that order.

The State now contends that the search was valid as incident to defendant's lawful arrest, and as a routine inventory of defendant's personal possessions prior to being placed in a detention facility following his lawful arrest. In view of a recent pronouncement by the United States Supreme Court on custodial inventory searches, which will be discussed below, we reverse.

As noted above, the trial court based its decision in this case on the

Illinois Supreme Court holding in *People v. Helm*. In *Helm* defendant was arrested for battery and carried a purse with her to the police station. There the purse was searched pursuant to the Decatur police department's normal booking procedure of inventorying an arrestee's belongings, and placing them in a locked strong box under the counter. Amphetamines were discovered in a coin purse located inside of the larger purse, and defendant was subsequently charged with possession of a controlled substance. The trial court granted her motion to suppress, and this judgment was affirmed on direct appeal in an unpublished Rule 23 order. *People v. Helm* (1980), 89 Ill. App. 3d 1206.

A majority of the Illinois Supreme Court in *Helm* rejected the State's argument that the search was justified as incident to an arrest. (*People v. Helm* (1981), 89 Ill. 2d 34, 36-37.) The majority also rejected the State's attempt to justify the search as a valid inventory of defendant's possessions incident to a lawful custodial arrest (89 Ill. 2d 34, 37-39), holding that the purposes of the inventory could have been accomplished in a less intrusive way, *i.e.*, the purse could have been sealed in the presence of witnesses without examination of its contents and then stored. The court concluded that rummaging through defendant's purse under these circumstances constituted an impermissible search. 89 Ill. 2d 34, 39.

The continuing validity of the result reached by the majority in *Helm* and the reasoning upon which it is based has been called into question by the recent United States Supreme Court decision in *Illinois v. Lafayette* (1983), 462 U.S. ___, 77 L. Ed. 2d 65, 103 S. Ct. 2605. In *Lafayette*, defendant was arrested for disturbing the peace and was transported to the police station. There the contents of his shoulder bag were examined pursuant to the standard police procedure to inventory "everything" in the possession of an arrested person. Amphetamines were found inside of a cigarette package, and defendant was charged with possession of a controlled substance. Defendant's motion to suppress the evidence was granted, and this decision was affirmed on appeal. *People v. Lafayette* (1981), 99 Ill. App. 3d 830, 425 N.E.2d 1383.

The appellate court in *Lafayette* initially found that the State had waived its argument that the search was justified as incident to a valid arrest for failing to raise it at the suppression hearing, then concluded that the station house search of the shoulder bag did not constitute a valid search incident to a lawful arrest. (99 Ill. App. 3d 830, 832-33.) The court also concluded that the warrantless search was not a valid inventory of defendant's belongings, and opined that the State's legitimate interests in preserving defendant's property and protecting police

from claims of lost or stolen property could have been achieved in a less intrusive manner. 99 Ill. App. 3d 830, 834-35.

The Illinois Supreme Court denied discretionary review of the case, and the United States Supreme Court granted *certiorari* and reversed the decision of the Illinois Appellate Court. In doing so, the United States Supreme Court held that "it is not 'unreasonable' for police, as part of the routine procedure incident to incarcerating an arrested person, to search any container or article in his possession, in accordance with established inventory procedures." (*Illinois v. Lafayette* (1983), ____ U.S. ____, ____, 77 L. Ed. 2d 65, 73, 103 S. Ct. 2605, 2611.) In reaching this conclusion the Supreme Court noted that the justification for these searches does not rest upon probable cause and that the absence of a warrant is immaterial to the reasonableness of the search. (462 U.S. ____, ____, 77 L. Ed. 2d 65, 69, 103 S. Ct. 2605, 2608.) It also discussed the range of governmental interests which support an inventory process of an arrestee's belongings prior to confinement and rejected the "less intrusive means" rationale applied by the appellate court in *Lafayette* stating: "The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." 462 U.S. ____, ____, 77 L. Ed. 2d 65, 72, 103 S. Ct. 2605, 2610.

Applying these principles to the case at bar, we conclude that the search of the container found on defendant's person following his lawful arrest and pursuant to a standard inventory procedure at the police station prior to his detention was reasonable and therefore valid. As a consequence, we conclude that the trial court erred in ordering the suppression of the contraband seized from defendant's person and reverse its judgment.

In view of our finding that the search was reasonable as a valid inventory search, we need not comment on the State's further argument that the search was valid as incident to a lawful arrest. Additionally, we deny the State's request that defendant be assessed $50 as costs for the State's prosecuting this appeal. *People v. Brown*, (1983), 98 Ill. 2d 374.

The order of the trial court granting defendant's motion to suppress is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.