STATE OF NORTH CAROLINA v. WILLIAM J. FOUNTAIN, JR.

No. 714SC650

(Filed 29 December 1971)

Criminal Law § 160— remand for correction of minutes

Criminal action is remanded to the superior court for correction of patent errors appearing on the face of the official minutes where it appears that the wrong case number was affixed to the records of the superior court insofar as they show the plea, verdict, judgment and commitment, the record on appeal showing that the indictment, evidence and charge relate to a case with a different number.

APPEAL by defendant from *James, Judge,* 12 April 1971 Session of Superior Court held in ONSLOW County.

*Attorney General Robert Morgan by Assistant Attorney General Russell G. Walker, Jr., for the State.*

*Edward G. Bailey for defendant appellant.*

PARKER, Judge.

Decision of the questions presented by defendant's assignments of error and discussed in his brief must be deferred until the patent error appearing on the face of the record has been corrected by appropriate proceedings.

The record before us indicates that defendant was charged in Onslow County in three separate criminal cases, which on the records of that Court were assigned numbers 71Cr1450, 71Cr1451, and 71Cr1452 respectively. In each case defendant was charged with having committed the offense of armed robbery. It appears that each case arose out of a separate and distinct occurrence, the locale and victim in each case being different. The three cases were consolidated for trial, and upon such trial the jury was unable to agree and a mistrial resulted. Defendant was next brought to trial in only one case, No. 71Cr1452, and it is the trial of that case which gives rise to the present appeal.

The record before us contains the indictment in case No. 71Cr1452, and all of the evidence, both of the State and of the defendant, as well as the court's charge to the jury, relate to the offense charged in case No. 71Cr1452. However, the record of defendant's plea of not guilty, the verdict of the jury finding him guilty, and the judgment imposing prison sentence and com-

mitting him to prison, as shown in the record on appeal now before us, indicates that these were all entered in case No. 71Cr1450, an entirely separate and unrelated case. It further appears that defendant has not yet been retried in case No. 71Cr1450, and it would appear that the wrong case number was affixed to the records of the Superior Court insofar as they show the plea, verdict, judgment and commitment of this defendant. Whether this occurred as a result of clerical error or from other cause, the minutes and records of the Superior Court should be corrected to speak the truth as to the case in which defendant actually entered his plea, verdict was returned, and sentence imposed.

"The corrections of the official minutes of the superior court must be made in the superior court." *State v. Accor* and *State v. Moore,* 276 N.C. 567, 173 S.E. 2d 775. As in that case, the following from the opinion of Higgins, J., in *State v. Old,* 271 N.C. 341, 344, 156 S.E. 2d 756, 758, is applicable:

> "[I]t becomes the duty of this Court, under its supervisory power, to remand the action to the Superior Court with directions that notice be given to counsel and parties, and after hearing, to certify any corrections necessary to make the record conform to the facts. In a criminal case, the solicitor should be given notice as well as defense counsel, and the defendant should be before the Court. It is the duty of the Superior Court to correct its own records in the manner pointed out by this Court in *State v. Cannon, supra,* (244 N.C. 399, 94 S.E. 2d 339) and *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262."

The action is remanded to the Superior Court for correction of the records of that Court. As soon as made, the correction shall be certified to this Court and attached to and made a part of the record on appeal in this case.

Remanded for correction of Superior Court records.

Judges CAMPBELL and MORRIS concur.