STATE OF NORTH CAROLINA v. WILLIAM J. FOUNTAIN, JR.

No. 714SC650

(Filed 29 March 1972)

1. Criminal Law § 91— motion for continuance — newspaper publicity of mistrial

No abuse of discretion has been shown in the denial of defendant's motion for a continuance made on the ground that defendant could not at that time obtain a fair trial because of newspaper reports concerning his mistrial which had occurred during the preceding week, where the newspaper reports contained only brief, factual accounts of what had occurred at defendant's first trial, the record does not indicate that any member of the jury had read or was aware of the newspaper reports in question, and nothing in the record suggests that any juror objectionable to the defendant was permitted to sit on the jury which convicted him or that defendant exhausted his peremptory challenges before he passed the jury.

2. Criminal Law § 91— denial of continuance — abuse of discretion — constitutional right — new trial

Whether an appeal from the refusal to grant a continuance is based upon abuse of judicial discretion or denial of constitutional

State v. Fountain

rights, defendant must show both error and prejudice in order to be entitled to a new trial.

**3. Criminal Law § 162— failure to rule on objection**

The trial court did not err in failing to rule on defendant's objection to testimony which a State's witness started to give, where defendant's objection effectively stopped the witness from relating any incompetent evidence and the solicitor promptly rephrased the question to the witness, thus rendering a ruling by the court unnecessary.

**4. Robbery § 4— armed robbery — variance**

There was no fatal variance between an indictment alleging a robbery by use of a .45 caliber pistol whereby the life of a service station attendant was threatened and endangered and evidence tending to show that, although defendant gained possession of the service station's money box without the use of a firearm prior to any contact with the attendant, the robbery was still in progress when the attendant observed the defendant with the "money box under his arm with a .45 pistol swinging in front of him," and that defendant then removed money from the person of the attendant by use of the .45 pistol.

**5. Robbery § 2— ownership and value of property taken**

To allege and prove the crime of armed robbery, it is not necessary that ownership of the property be laid in any particular person so long as the allegation and proof are sufficient to negative the idea of the accused's taking his own property, and the kind and value of the property taken is not material so long as it is described by allegation and proof sufficient to show that it is the subject of robbery.

APPEAL by defendant from *James, Judge,* 12 April 1971 Session of Superior Court held in ONSLOW County.

In Case No. 71 Cr 1452 defendant was indicted for armed robbery, pleaded not guilty, was found guilty as charged, and from judgment imposing a prison sentence, appealed.

*Attorney General Robert Morgan by Assistant Attorney General Russell G. Walker, Jr., for the State.*

*Edward G. Bailey for defendant appellant.*

PARKER, Judge.

The error formerly appearing on the face of the record, to which attention was directed in our opinion reported in *State v. Fountain,* 13 N.C. App. 337, 185 S.E. 2d 446 has now been corrected.

State v. Fountain

[1, 2]   Upon the call of the case for trial, defendant's counsel moved for a continuance on the ground that defendant could not at that time obtain a fair trial because of newspaper reports, published during the preceding week, concerning his mistrial which had occurred during the preceding week. Denial of this motion is the basis of defendant's first assignment of error. Appellant contends this ruling of the trial judge resulted in a denial of his constitutional right to a fair and impartial trial in that the newspaper publicity created "an atmosphere of prejudice against him." We do not agree. Copies of the newspapers, filed by appellant as exhibits on this appeal, reveal that they contained no more than brief, factual accounts of what had occurred at defendant's first trial. The reports were neither sensational in tone nor were they given particular prominence in the paper. More importantly, the record does not indicate that any member of the jury which convicted defendant had read or was even aware of the existence of the newspaper reports in question, and nothing in the record suggests that any juror objectionable to the defendant was permitted to sit on the jury which convicted him or that defendant exhausted his peremptory challenges before he passed the jury. Appellant concedes that ordinarily a motion for continuance is addressed to the sound discretion of the trial judge and that his ruling thereon is not subject to review absent an abuse of discretion, but contends that when the motion is based on a constitutional right, it presents a question of law reviewable upon appeal. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526. However, "[w]hether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice." *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617. Here, defendant has shown neither.

[3]   During the direct examination of one of the State's witnesses, a detective with the Onslow County Sheriff's Department, the assistant solicitor asked the witness if he had checked the serial number on a .45 caliber pistol which had been found in defendant's automobile. In response, the witness started to tell what was contained in reports he had received from Naval Intelligence officers, whereupon defendant's counsel objected and the assistant solicitor rephrased the question as follows:

Question: "Have you had this traced?"

Answer: "They cannot be traced on the original source."

Appellant's second assignment of error is that the trial judge erred in failing to make an immediate ruling sustaining his objection. This contention is without merit. Defendant's objection effectively stopped the witness from relating any incompetent evidence and the assistant solicitor's prompt action in rephrasing the question rendered a ruling by the court unnecessary. Even had error been committed, appellant suffered no prejudice. His second assignment of error is overruled.

[4] Appellant's final assignment of error is that his motion for nonsuit should have been allowed because there was a fatal variance between the allegations of the indictment and the evidence offered by the State. The indictment charged that defendant, on 8 February 1971 in Onslow County, "having in his possession and with the use and threatened use of firearms, and other dangerous weapons, implements, and means, to wit: a .45 caliber pistol whereby the life of Bernice Bledsole was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously take, steal, and carry away U. S. Currency of the value of $80.00 from the presence, person, place of business, and residence of Service Distributing Co., a corporation, 608 Wilmington Hwy, Jacksonville, N. C. . . . " At the trial, Bernice Bledsole, the attendant on duty at the service station of Service Distributing Company, on the night of 8 February 1971, testified:

> "I first saw the defendant when he came up the ditch bank, walked by the curbing and into the service station and then into the men's rest room. The next time I saw him he came walking by the steel beam supporting the canopy area and he had the manager's money box under his arm with a .45 pistol swinging in front of him."

Bledsole also testified there was about $80.00 to $100.00 in coins in the manager's money box. Appellant contends that this evidence showed that the taking of the cash box occurred prior to any contact between defendant and Bledsole and that such taking transpired without the use of a firearm. He contends that this was a fatal variance between the allegations of

the indictment and the proof. In making this contention, the appellant ignores Bledsole's further testimony which showed that the robbery was still very much in progress when he observed defendant with "the manager's money box under his arm with a .45 pistol swinging in front of him." Bledsole testified that defendant then came up to the booth where Bledsole was sitting, held the .45 pistol to Bledsole's head, took $34.00 cash from Bledsole's shirt pocket, told Bledsole to lie down on the floor face down, and then departed from the service station taking with him both the manager's cash box and the cash from Bledsole's pocket.

[5] There was ample evidence to support the charge contained in the indictment and there was no fatal variance between allegation and proof. Such variance as existed as to the value and ownership of the property taken was not material. To allege and prove the crime of armed robbery, it is not necessary that ownership of the property be laid in any particular person, *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525, at least so long as the allegation and proof are sufficient to negative the idea of the accused's taking his own property, *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34, and the kind and value of the property taken is not material so long as it is described by allegation and proof sufficient to show that it is the subject of robbery. *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14.

In the trial and judgment appealed from, we find

No error.

Judges CAMPBELL and MORRIS concur.