STATE OF NORTH CAROLINA v. DENNIS L. ODEN

No. 792SC551

(Filed 20 November 1979)

**1. Criminal Law § 91.7— absence of witness—denial of motion for continuance**

 The trial court did not err in the denial of defendant's motion for continuance because of the absence of a defense witness where the motion was made after the case was called for trial, defendant had not subpoenaed the witness, and defendant did not advise the court what he hoped to prove by the witness.

**2. Criminal Law § 89.2— testimony as to types of guns reported stolen—admissibility for corroboration**

 An officer's testimony as to what types of guns were reported and listed as stolen was competent to corroborate the testimony of the owner of the guns and was properly admitted over defendant's general objection.

**3. Indictment and Warrant § 17.2— breaking and entering and larceny—variance in date of crimes not fatal**

 There was no fatal variance between an indictment charging felonious breaking and entering and larceny on 13 March 1978 and evidence tending to show that defendant committed the crimes on 22 March 1978 since time was not of the essence in the offenses charged, evidence of an alibi was presented for both dates, and there was no apparent reliance or prejudicial error in the defect in dates.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 9 March 1979 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 25 October 1979.

Defendant was tried under an indictment which charged that on or about 13 March 1978, he committed the crimes of felonious breaking or entering and felonious larceny. The jury returned guilty verdicts in both cases.

The State's evidence tends to show the following. The home of Gilbert Alligood in Washington, North Carolina, was broken into on 13 March and on 22 March 1978. On 22 March, certain guns were stolen between 7:50 a.m. and 3:30 p.m. About 6:00 p.m. on that day, defendant sold the stolen guns to a Havelock, North Carolina gunsmith for $150.00. The market value of the guns was placed at $1400.00. The other men were with defendant at the time he sold the guns. The receipt was made out to defendant.

Defendant offered evidence that he was home at the time of the break-in and theft of which he was charged. On 22 March, he met Sam Keyes and another person about 4:30 p.m. They rode to Havelock and stopped by a gunsmith shop to sell some guns. Defendant knew nothing of the guns until then. He was never informed that they were stolen. When the guns were sold, the gunsmith asked for identification. Of the three, only defendant was carrying any and, for that reason, his name was on the sales slip.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick, for the State.*

*Carter, Archie and Grimes, by Sid Hassell, Jr., for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant's first assignment of error is based on the denial of his motion for a continuance due to the unavailability of a defense witness. The assignment of error is without merit. The motion was made after the case was called for trial. Although the indictment had been pending for almost a year, defendant had not caused a subpoena to be issued for the alleged witness. Moreover, he did not advise the court of what he hoped to prove by the potential witness.

[2]  Defendant's second assignment of error is based upon a general objection to certain testimony by the State's first

witness, police officer Danny Respass. Respass testified about what type of guns were reported and listed as stolen. In his brief, defendant contends the general objection should have been sustained on hearsay grounds, *i.e.* that the testimony of Officer Respass about the missing items depends upon the out-of-court assertion of Alligood that they were stolen and that the testimony was offered to prove that the named items were missing. The testimony was admissible to corroborate the testimony of Alligood. Since the testimony was competent for that purpose, it was not error to overrule defendant's general objection. *See* 1 Stansbury, N.C. Evidence §§ 50, 79 (Brandis rev. 1973).

[3]   As his third assignment of error, defendant argues that the case should have been dismissed because of the variance between the date of the crime for which State's evidence was offered and the date of the crime as stated in the indictment. The bill of indictment alleged a felonious breaking and entering and larceny "on or about the 13th day of March 1978" while the evidence tended to prove defendant committed the crimes on 22 March 1978. The variance does not void the judgment in this case. Time is not of essence in the offenses charged. A statute of limitations is not involved. Defendant has not demonstrated any harm in the variance of the dates. He was not deprived of an opportunity to present an alibi defense. Evidence was received giving defendant an alibi for both dates. There was no apparent reliance nor prejudicial error in this defect in dates. G.S. 15-155; *State v. Locklear*, 33 N.C. App. 647, 236 S.E. 2d 376, *cert. den.*, 293 N.C. 363, 237 S.E. 2d 851 (1977).

We have examined defendant's other assignments of error and conclude that prejudicial error has not been shown.

No error.

Judges ERWIN and HILL concur.