STATE OF NORTH CAROLINA v. LARRY CHAMBERS

No. 8120SC113

(Filed 4 August 1981)

**1. Criminal Law § 91.7— absence of witnesses—continuance properly denied**

The trial court's denial of defendant's motion to continue because of the unavailability of three of defendant's witnesses was not an abuse of discretion or a denial of defendant's constitutional rights, since the indictment had been pending against defendant since February of 1980 but defendant had not subpoenaed the three witnesses to be present at the 16 September trial, and defendant's motion to continue was not supported by affidavits showing sufficient grounds.

**2. Criminal Law § 105.1— motion to dismiss—failure to renew**

By introducing evidence defendant waived his motion to dismiss made at the close of the State's evidence, and having failed to renew his motion at the close of all evidence, defendant established no basis upon which to appeal denial of his motion. G.S. 15-173.

**3. Robbery § 5.4— failure to instruct on lesser offense—no error**

The trial court in an armed robbery case did not err in failing to instruct the jury on the lesser included offense of common law robbery where the

State's evidence tended to show that defendant and his accomplice, who was holding a gun, were acting in concert to accomplish the taking of personal property by the use of a dangerous weapon, accompanied by danger or threat to the victim's life, while defendant's evidence tended to show only that defendant committed neither armed robbery nor common law robbery.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 17 September 1980 in Superior Court, UNION County. Heard in the Court of Appeals 28 May 1981.

Defendant was indicted for the armed robbery of Mary Kiser. Defendant's first trial in June 1980 ended in a mistrial. On 15 September 1980, defendant was arrested for failure to appear at the last term of court. Prior to trial on 16 September 1980, defendant's counsel moved for a continuance on the grounds that defendant's counsel did not know that defendant would appear that day and thus was not completely prepared for trial in that three of defendant's alibi witnesses were not present. The trial judge denied the motion for a continuance.

The State's evidence tended to show that on the afternoon of 4 January 1980, Mary Kiser, the owner and manager of the Neighborhood Grocery, was in the store along with two of her employees, Pat Wilson and Cindy Carpenter. Kiser was checking invoices in her office with the door open when she noticed a black male, about six feet tall, wearing an Army jacket, standing outside the office door. Kiser identified this person as defendant. When Kiser asked if she could help him, defendant stepped in the office and grabbed Kiser's money box which had been sitting on a table in the office. When Kiser attempted to retrieve the money box, defendant stated, "Hell, woman, this is a damn holdup. I'll kill you." At this point, another male, wearing a ski mask and holding a handgun, brought Wilson and Carpenter back to the office where the two males forced all three women into the walk-in beer cooler and locked the door.

The defendant's evidence consisted of the alibi testimony of defendant and Pamela Terry, an acquaintance of defendant. Their testimony indicated that defendant had been in Durham at all times on 4 January 1980.

Defendant was convicted of robbery with a firearm, a violation of G.S. 14-87. From this judgment, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Evelyn M. Coman, for the State.*

*Joe P. McCollum, Jr., for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns as error the trial court's denial of defendant's motion to continue because of the unavailability of three of defendant's witnesses. Defendant urges both an abuse of discretion and the denial of his constitutional rights as error. At the hearing on this motion, defendant's attorney stated that the three absent witnesses were alibi witnesses and that although they had been present during earlier terms of court, they had not been subpoenaed for the 16 September term. Defendant stated that he was unsure of the address of one of the witnesses. The assistant district attorney stated that the State's witnesses had been present every time the case had been calendared and that it would be a hardship on State's witnesses to grant a continuance.

Ordinarily, a motion for a continuance is addressed to the sound discretion of the trial judge whose subsequent ruling is reviewable only for abuse of discretion. If the motion is based on a right guaranteed by the federal and State constitutions, the question presented on appeal is one of law and not of discretion. *State v. Thomas,* 294 N.C. 105, 111, 240 S.E. 2d 426, 431 (1978); *State v. Brower,* 289 N.C. 644, 660, 224 S.E. 2d 551, 562 (1976). "Whether a defendant bases his appeal upon an abuse of judicial discretion or a denial of his constitutional rights, he must show both that there was error in the denial of the motion and that he was prejudiced thereby before he will be granted a new trial." *State v. Thomas, supra.*

We first conclude that the trial judge did not abuse his discretion in denying defendant's motion. The motion was made after the case was called for trial. *State v. Oden,* 44 N.C. App. 61, 62, 259 S.E. 2d 795, 796 (1979), *disc. rev. denied,* 299 N.C. 333, 265 S.E. 2d 401 (1980). Although the indictment had been pending since February 1980, defendant had not subpoenaed the three witnesses to be present at the 16 September trial and neither was defendant's motion supported by affidavits showing sufficient grounds. *See, State v. Davis,* 38 N.C. App. 672, 676, 248 S.E. 2d 883, 886 (1978); *see also State v. Oden, supra.* Based on these

facts, we hold that the defendant has not shown any abuse of discretion by the trial judge in denying the motion for a continuance. *See State v. Lee,* 293 N.C. 570, 574, 238 S.E. 2d 299, 302 (1977); *State v. Tolley,* 290 N.C. 349, 356-57, 226 S.E. 2d 353, 361 (1976); *State v. Horton,* 44 N.C. App. 343, 345, 260 S.E. 2d 780, 781 (1979).

Turning to defendant's contention that the denial of his motion also constituted a denial of defendant's constitutional rights, we quote our Supreme Court as follows: "Due process requires that every defendant be allowed a reasonable time and opportunity to investigate and produce competent evidence, if he can, in defense of the crime with which he stands charged and to confront his accusers with other testimony." *State v. Baldwin,* 276 N.C. 690, 698, 174 S.E. 2d 526, 531 (1970), *quoted with approval in State v. Thomas, supra,* at 113, 240 S.E. 2d at 433. Defendant's rights of confrontation and of due process under the federal and State constitutions, in this context, require that defendant be permitted the opportunity fairly to prepare and present his defense. *State v. Thomas, supra; compare State v. Smathers,* 287 N.C. 226, 230-32, 214 S.E. 2d 112, 115-16 (1975). We conclude that defendant was not deprived of a fair opportunity to prepare and present his defense and that defendant's rights under the federal and State constitutions were not denied him. The record suggests only "a natural reluctance to proceed to trial, engendered by the seriousness of the charge and lack of a substantial defense, rather than scarcity of time or absence of bona fide witnesses." *State v. Tolley, supra,* at 358, 226 S.E. 2d at 362; *see also State v. Thomas, supra; State v. Sutton,* 34 N.C. App. 371, 374-75, 238 S.E. 2d 305, 307 (1977), *disc. rev. denied,* 294 N.C. 186, 241 S.E. 2d 521 (1978). This assignment is overruled.

[2] Defendant next assigns error to the trial judge's denial of defendant's motion to dismiss at the close of the State's evidence. Defendant presented evidence following the denial of his motion, and defendant did not renew his motion at the close of all evidence. By introducing evidence, defendant waived his earlier motion to dismiss, and having failed to renew his motion, defendant has established no basis upon which to appeal the denial of his motion. G.S. 15-173; *State v. Alston,* 44 N.C. App. 72, 73, 259 S.E. 2d 767, 768 (1979); *State v. Rhyne,* 39 N.C. App. 319, 322, 250 S.E. 2d 102, 104 (1979); *see also State v. McKinney,* 288 N.C. 113,

116, 215 S.E. 2d 578, 581 (1975). This assignment of error is overruled.

[3] Defendant's final assignment of error is to the failure of the trial judge to instruct the jury on the lesser included offense of common law robbery. When there is some evidence supporting a lesser included offense, defendant is entitled to a jury instruction thereon even in the absence of a specific request for such instructions. *State v. Banks*, 295 N.C. 399, 416, 245 S.E. 2d 743, 754 (1978); *State v. Bell*, 284 N.C. 416, 419, 200 S.E. 2d 601, 603 (1973). When all the evidence tends to show that defendant committed the crime with which he is charged and there is no evidence of guilt of the lesser included offense, the court correctly refuses to charge on the unsupported lesser offense. *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976).

The elements of the offense of armed robbery are (1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of firearms or other dangerous weapons, implements or means; and (3) danger or threat to the life of the victim. G.S. 14-87; *State v. Moore*, 37 N.C. App. 248, 253, 245 S.E. 2d 898, 901, *cert. denied*, 295 N.C. 651, 248 S.E. 2d 255 (1978). The essential difference between armed robbery and common law robbery is that the former requires evidence showing that the victim was endangered or threatened by the use or threatened use of a firearm or other weapon, implement or means. *State v. Joyner*, 295 N.C. 55, 63, 243 S.E. 2d 367, 373 (1978).

Neither the State's nor the defendant's evidence shows that defendant committed the offense of common law robbery. The State's evidence tends to show that defendant and the other man holding the gun were acting in concert to accomplish the taking of personal property by the use of a dangerous weapon, accompanied by danger or threat to the victim's life. *See, State v. Moore, supra.* Although defendant threatened to kill Kiser and grabbed the money box before Kiser observed the handgun, the robbery was still in progress when Kiser saw the other man with the handgun forcing Wilson and Carpenter to the back of the store. *Compare, State v. Fountain*, 14 N.C. App. 82, 187 S.E. 2d 493 (1972). The State's evidence shows one continuous transaction wherein defendant and his companion took the money box from

Kiser by threatening the use of the handgun. Defendant's evidence tends to show only that defendant committed neither crime. Therefore there was no evidence from which a jury could have found that the defendant committed the offense of common law robbery, and thus it was not error for the trial judge to fail to instruct the jury on common law robbery.

Defendant received a trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN (H.) concur.