Larry CHAMBERS, Petitioner,

v.

Harry L. ALLSBROOK and the Attorney General of North Carolina, Respondents.

No. C–C–81–487–P.

United States District Court, W.D. North Carolina, Charlotte Division.

May 18, 1983.

Barry McNeill, Asst. Atty. Gen., and Rufus L. Edmisten, Atty. Gen. of N.C., Raleigh, N.C., for respondents.

## FINAL ORDER OF DISMISSAL

POTTER, District Judge.

Larry Chambers, Petitioner, seeks habeas corpus relief for his September 15, 1980 conviction in the Superior Court for Union County on charges of armed robbery. Upon this conviction, Petitioner received a sentence of seven years to life imprisonment. Petitioner now presents three claims for relief: (1) the trial court denied his motion for a continuance; (2) the trial court denied his motion for nonsuit; and (3) the trial court failed to instruct the jury on common-law robbery as a lesser-included offense of robbery with a firearm. Petitioner presented these claims on direct appeal to the North Carolina Court of Appeals which found no error. *North Carolina v. Chambers*, 53 N.C.App. 358, 280 S.E.2d 636 (1981). The Supreme Court of North Carolina denied certiorari review. 304 N.C. 197, 285 S.E.2d 103 (1981). Consequently, the record reflects, and this Court finds, that Petitioner has properly exhausted his state court remedies on each of the claims presented as required by 28 U.S.C. § 2254 and that he is thereby entitled to this Court's substantive review. However, since the filing of this petition, Petitioner, on April 1, 1982, filed a motion to withdraw claims number (2) and (3), and to have this Court consider only claim number (1) regarding the denial of a continuance. Consequently, the Court allows the motion to withdraw claims (2) and (3). However, for the reasons stated below, the Court finds claim number (1) to be without merit and herewith grants the Attorney General's motion to dismiss the petition.

I.

The record reflects the following pertinent facts: Petitioner was indicted February 11, 1980 on a single charge of armed robbery. On June 10, 1980 a jury was empanelled to try the case, but a mistrial had to be declared the following day due to

Larry Chambers, pro se.

a death in the family of one of the jurors. At the request of Petitioner's attorney, subpoenas had been served on Ernest Campbell and William McKiever to appear at the June 9, 1980 term of court, and apparently these witnesses were present in court at that time.

The case was recalled for trial three months later on September 16, 1980. At that time Petitioner's attorney requested a continuance to at least the second week of the term because he was not prepared, he needed to secure alibi witnesses, and he had laryngitis. (R. p. 10). At this point the prosecutor pointed out that the case was already several months old, the government had its witnesses present and was ready to proceed, and there was no assurance that the defendant could find the alibi witnesses even if the continuance was granted. In response to an inquiry by the trial court, counsel for petitioner conceded that he had not subpoenaed the three alibi witnesses. (R. p. 10).

The trial court then made several inquiries of Petitioner, and, after Petitioner indicated he wasn't sure where or how to get in touch with one of the alibi witnesses, the trial court denied the motion for a continuance. (R. p. 11–13). No affidavits or other representations were offered to indicate what the testimony of the alibi witnesses would be.

At trial, the only evidence offered against Petitioner was the testimony of Mary Kiser, the owner and manager of the grocery store in Monroe, North Carolina that had been robbed. Ms. Kiser testified that at approximately 2:00 p.m. on January 4, 1980, two black men came into the store. One of the men grabbed a money box from her, and the second man, the only one wearing a mask and brandishing a gun, rounded up Ms. Kiser and the other employees and locked them in a walk-in cooler. Ms. Kiser identified Petitioner in the courtroom as the man who grabbed the money box from her. She also testified that she identified Petitioner as one of the robbers out of a group of photographs that was shown to her one and a half weeks after the robbery.

Monroe City Police Officer Bobby Kilgore investigated the robbery and testified that he had seen Petitioner in January of 1980 and that his appearance in court was the same as it was in January of 1980.

Petitioner took the stand in his own defense and stated that he did not commit the robbery, he had never been to Monroe, and that on the day in question he washed his clothes in the morning at a laundrymat in Durham with his neighbor Ernest Campbell and later in the day ate dinner and played cards with Chrystal Macer, Pamela Terry, and Alexander Chambers. When asked about William McKiever, Petitioner stated that McKiever arrived at his house at 9:30 that evening and that was the only time he saw him that day.

Pamela Terry testified that she stopped by Petitioner's house on January 4, 1980 and saw him briefly around 1:00 p.m. She next saw him at 4:00 p.m. that same day.

Ernest Campbell, William McKiever, Chrystal Macer, and Alexander Chambers did not testify.

## II.

The only issue to be decided is whether the trial court abused its discretion in denying Petitioner's motion for a continuance.

As stated by the Supreme Court of the United States in *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964),

the matter of a continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel .... Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for a delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to*

the trial judge at the time the request is denied. (citations omitted) (emphasis added).

*Accord, Shirley v. North Carolina,* 528 F.2d 819 (4th Cir.1975).

The Fifth Circuit Court of Appeals has offered additional guidance when reviewing the denial of a continuance that was requested so that defense witnesses could be secured. That Court has held that, in such a situation, the factors to be considered in deciding whether or not the denial of the continuance was an abuse of discretion are as follows:

the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*Hicks v. Wainwright,* 633 F.2d 1146, 1149 (5th Cir., Unit B. 1981), *citing, United States v. Uptain,* 531 F.2d 1281, 1287 (5th Cir.1976).

The District of Columbia Circuit has ruled similarly, stating that:

seeking a continuance so that witnesses may be secured for testimony in court is indisputably an acceptable and, at times, a preferred course of action. But in the present case the record indicates that no showing was made of who the witnesses would have been, what their testimony would have been, whether that testimony would have been relevant to the issues extant in the case, or whether they would probably have been available for testifying if the continuance were granted.

*United States v. Fearwell,* 595 F.2d 771 (D.C.Cir.1978).

In the present case, two of the reasons advanced for the continuance, defense counsel's unpreparedness and laryngitis, may be dismissed as clearly frivolous. First, defense counsel had already prepared this case once for trial and had even selected a jury at the time of the June 1980 term

of Court. Secondly, the record indicates that defense counsel was able to question and cross-examine the witnesses. There is no indication during the trial that defense counsel's laryngitis prevented him from providing effective in-court representation.

The third reason advanced for the continuance, the need to secure alibi witnesses, presents a different problem. The only witnesses named by petitioner and his counsel at the time the continuance was requested were Ernest Campbell, William McKiever, and Pam Terry. No statement was made as to what the testimony of these witnesses would be. Additionally, Petitioner indicated to the court that he might not be able to locate Ernest Campbell.

The record reflects then that at the time Petitioner requested the continuance, he failed to establish whether or not the witnesses could be found or what their testimony would be. Consequently, this Court finds that the trial court did not abuse its discretion in denying the continuance.

After the fact, the record reflects that Petitioner was not prejudiced by the unavailability of Pamela Terry and William McKiever, as Pamela Terry did in fact testify for the defense, and Petitioner's own testimony shows that William McKiever could not establish an alibi as McKiever did not see him on the day in question until some seven and a half hours *after* the robbery was alleged to have occurred.

With regard to Ernest Campbell, Petitioner's trial testimony indicates that Campbell could have verified that Petitioner was in Durham up until about 1:00 p.m. on the day of the robbery. In light of the fact that the only evidence against Petitioner was the eyewitness testimony of Ms. Kiser, the alibi testimony of Ernest Campbell might have had a significant impact in the mind of the jury with regard to the credibility issue between Ms. Kiser's identification of Petitioner as one of the robbers and Petitioner's claim that he was in Durham at the time of the robbery. However, as stated before, the fact that the state's only evidence was the testimony of one

eyewitness, and the purported testimony of Mr. Campbell that Petitioner was in Durham shortly before the robbery, were not presented to the trial court until after the continuance had been denied and the trial had commenced.

What remains troublesome is the fact that petitioner may have suffered prejudice because his attorney failed to subpoena Mr. Campbell and other witnesses, or, at the least, failed to apprise the trial court at the time the continuance was requested of the critical nature of Mr. Campbell's purported testimony in light of the fact that the state had only one witness who could connect Petitioner to the crime. However, despite the fact that it may have been implicit in the record, such a claim of ineffective assistance of counsel has not previously been articulated to, or addressed by, the state courts of North Carolina. Consequently, state remedies being unexhausted, this Court cannot proceed on such issue at this time. *See Tompa v. Virginia,* 331 F.2d 552 (4th Cir.1964). Indeed, it may later be proved that Campbell's testimony would not be as significant as Petitioner's testimony seems to indicate. However, Petitioner should be given the opportunity to present this issue to the state courts. *Id.**

Therefore, having reviewed the record and considered each of Petitioner's claims, this Court finds that Petitioner is not entitled to the relief sought, and HEREBY ORDERS that the writ of habeas corpus be denied and that the Attorney General's Motion to Dismiss the petition be granted.

Petitioner is advised that he may appeal *in forma pauperis* from this *final* Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 401 West Trade Street, Charlotte, North Carolina 28202. Said *written* notice of appeal must be received by the Clerk within thirty (30) days from the date of filing of this final Order, and may be filed without the prepayment of costs or the giving of

security therefor. The Court declines to issue a certificate of probable cause in this case.

---

* Indeed, in *Tompa,* after the Fourth Circuit had approved the dismissal of a habeas corpus case without prejudice to the Petitioner to return to state court to challenge the failure of his attorney to call a witness, it was later determined that Petitioner did *not* in fact receive ineffective assistance of counsel of constitutional significance. *Tompa v. Peyton,* 378 F.2d 1022 (4th Cir.1967).