State v. Moore

STATE OF NORTH CAROLINA v. THOMAS P. MOORE AND TYRONE JAMES

No. 7818SC242

(Filed 18 July 1978)

1. **Criminal Law § 112— erroneous instruction on burden of proof—no prejudicial error**

   Though the trial court, in a preliminary statement made to a group of prospective jurors before the trial began and before a jury was impaneled, erred in stating that the State had the burden of proving the defendants' guilt "by the greater weight of the evidence," defendants were not prejudiced, since neither defendant objected to the incorrect statement, and the court's subsequent correct instruction on the State's burden of proof in the charge to the jury was sufficient to overcome any possible prejudice caused by the earlier incorrect statement.

2. **Criminal Law § 99.5— court's questioning of counsel—no expression of opinion**

   The trial judge did not express an opinion on the evidence during trial when he asked defense counsel questions aimed at clarifying a question which defense counsel had put to a witness.

3. **Criminal Law § 113.7— acting in concert—jury instruction proper**

   Where the trial judge instructed the jury that a guilty verdict could be returned as to a particular defendant only upon a finding that that defendant "and those acting in concert with him" had committed each element of the offense, the instructions made it clear that whether defendants were acting in concert was for the jury to decide, and the instructions placed the burden of proof regarding acting in concert on the State and did not amount to an opinion regarding either defendant's participation.

4. **Criminal Law § 118.2— defendant's contentions—jury instructions adequate**

   The trial judge's instruction that the State contended that a verdict of guilty should be returned and one defendant contended that the verdict should be not guilty was not inadequate because it gave no explanation as to what defendant was pleading not guilty to, since defendant's not guilty plea applied to all charges included in the indictment for armed robbery.

5. **Criminal Law § 99.5— conversation between witness and counsel—admonition by court**

   The trial judge's direction that there be no conversation between defense counsel and the prosecuting witness did not limit defendant's cross-examination of the witness but instead amounted only to a direction to counsel and the witness to speak louder.

6. **Robbery § 4.6— armed robbery—acting in concert—sufficiency of evidence**

   Evidence was sufficient for the jury in a prosecution for armed robbery and the trial court did not err in failing to submit to the jury the lesser included offense of larceny where it tended to show that the complaining witness walked up to a group of men, including defendant, on a city street to ask direc-

State v. Moore

tions; defendant pushed at the witness whose watch then fell off; defendant picked up the watch; another man endangered the witness's life by cutting him with a razor; evidence was sufficient to show that defendant was acting in concert with the man who used the razor; and the evidence disclosed that, if any offense was committed, such offense was armed robbery and not larceny.

**7. Criminal Law § 93— evidence not presented by defendant—no denial of right to present evidence**

Defendant was not denied an opportunity to present evidence where his attorney requested permission to present his testimony later in the trial; the judge did not respond directly to the request but directed another defendant to present his evidence; after presentation of that evidence, defendant's attorney announced that the defendant rested; and the attorney made no request or attempt to present evidence.

**8. Criminal Law § 122.1— instructions after retirement of jury—instructions proper**

Where a juror, after the jury had begun deliberations, asked the judge to "restate the State's position on robbery as it relates to two or more persons," the judge properly explained the law of acting in concert and thereby answered the juror's question.

APPEAL by defendants from *Seay, Judge*. Judgments entered 21 October 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 28 June 1978.

Defendants were tried on their pleas of not guilty to indictments charging them with armed robbery of Willard R. Jackson. The cases were consolidated for trial.

The State presented evidence to show that on 28 April 1977 at approximately 9:30 or 10:00 p.m., Willard R. Jackson became lost while driving to his motel room in Greensboro. He saw a group of men standing outside a Pic-n-Pay store drinking beer and wine, and he approached the group to ask for directions. Following a brief verbal exchange, defendant Moore cut Jackson with a razor. Jackson received cuts on his left hand, his chest, and his back, requiring a total of 128 or 130 sutures. Defendant James took Jackson's watch, and another person in the group took Jackson's wallet. Jackson was unarmed at the time.

Defendant Moore presented evidence to show that Jackson precipitated the attack by attempting to start a fight with Moore. Moore testified that he was defending himself when he cut Jackson with the razor.

The jury found both defendants guilty as charged. Defendants appeal from judgments imposing prison sentences.

*Attorney General Edmisten by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Lee & Lee by Michael E. Lee and Charles R. Coleman for defendant appellant Thomas P. Moore, Jr.*

*John F. Comer for defendant appellant Tyrone James.*

PARKER, Judge.

I.

[1]   We consider first the questions raised by both defendants on this appeal. Before the trial began and before a jury was impaneled, the trial judge made a preliminary statement to a group of prospective jurors. In this statement the judge identified the defendants and their attorneys, briefly described the charges, and explained the process of jury selection. He also stated that the State has the burden of proving the defendants' guilt "by the greater weight of the evidence." Defendants assign error to this statement by the judge regarding the State's burden of proof.

The State must, of course, prove a defendant's guilt beyond a reasonable doubt, and the judge's statement to the contrary was clearly erroneous. However, we fail to see how this misstatement could have been prejudicial to defendants. The misstatement occurred before the trial began and before a jury was impaneled. Neither defendant objected to the incorrect statement, and the judge correctly instructed on and defined reasonable doubt in his final charge to the jury.

We are aware of cases holding that an erroneous instruction on a material aspect of the case must be held prejudicial even though the particular point is later instructed upon correctly. *E.g., State v. Parks*, 290 N.C. 748, 228 S.E. 2d 248 (1976). "Moreover, an erroneous instruction on the burden of proof is not ordinarily corrected by subsequent correct instructions upon the point." *State v. Harris*, 289 N.C. 275, 280, 221 S.E. 2d 343, 347 (1976). In each of those cases, the erroneous instruction occurred during the judge's final charge to the jury. In the present case, the error occurred before any evidence was presented and before

a jury was impaneled to hear the case. Under these circumstances, we conclude that the correct instruction on the State's burden of proof in the charge to the jury was sufficient to overcome any possible prejudice caused by the earlier incorrect statement. Therefore, this assignment of error is overruled.

[2] Defendants next contend that the trial judge committed error by expressing an opinion on the evidence during the trial and in charging the jury. First, defendants complain of the following, which occurred during trial while defense counsel was cross-examining Jackson, the complaining witness:

> MR. LEE: Q. Do you recall, Mr. Jackson, saying to any one of the individuals that were on that parking lot that night that you would give somebody some money if they would give you some directions?
>
> WITNESS: [Jackson] A. No, sir.
>
> MR. LEE: Q. You don't recall saying that?
>
> WITNESS: A. No, sir.
>
> MR. LEE: Q. Do you recall offering to fight these gentlemen one at a time to get your directions?
>
> WITNESS: A. No, sir.
>
> THE COURT: Did you ask him if he was going to fight these people to get directions?
>
> MR. LEE: Yes, sir.
>
> THE COURT: Maybe I misunderstood that. Do you want to ask it again?
>
> MR. LEE: No, sir, I believe he understood it. The jury heard it.

We find no expression of opinion prohibited by G.S. 1-180 (now G.S. 15A-1222 and -1232) in the judge's questions. The judge's questions were directed to an attorney rather than a witness, and they were simply aimed at clarifying a question. The judge's questions did not cast doubt upon the credibility of any witness and did not amount to an opinion on the facts.

[3]   Defendants also complain of portions of the judge's charge to the jury defining the elements of armed robbery and common law robbery. The State had presented evidence that the criminal acts were committed by various persons acting in concert, and the judge instructed the jury that a guilty verdict could be returned as to a particular defendant only upon a finding that that defendant "and those acting in concert with him" had committed each element of the offense. Defendants contend that this method of instructing the jury amounted to an opinion that the defendants and others were acting in concert. We do not agree. The judge had previously defined acting in concert, and his instructions made it clear that whether defendants were acting in concert was for the jury to decide. These instructions placed the burden of proof regarding acting in concert on the State and did not amount to an opinion regarding either defendant's participation. Consequently, this assignment of error is overruled.

## II.

[4]   The preceding discussion disposes of all but one of the questions raised by defendant Moore. Moore's final contention is that the trial judge failed to properly submit his contentions to the jury. The judge instructed the jury that the State contended that a verdict of guilty should be returned and the defendant contended that the verdict should be not guilty. Moore argues that this charge is inadequate "in that it conveyed to the jury that defendant's plea was not guilty without an explanation as to what defendant was pleading not guilty to." This contention is without merit. Defendant pled not guilty before trial, and that plea applied to all charges included in the indictment for armed robbery, including common law robbery and assault. Defendant admitted that it was he who cut the prosecuting witness, but at no time did he change his plea of not guilty. This assignment of error is overruled.

## III.

[5]   The remaining assignments of error pertain only to the appeal of defendant James. He contends that the trial court improperly limited his cross-examination of the prosecuting witness during the following exchange:

MR. COMER: You were cut from the center of your left hand downward toward the crotch of your thumb and first finger, is that correct?

WITNESS: [Jackson] Yes, with a small one here.

MR. COMER: Would you let me see that one?

THE COURT: Let's not have any conversation up there that we don't all hear.

MR. COMER: I'm sorry. I was trying to describe for the jury and the record.

THE COURT: There will be no conversation between you and the witness.

Contrary to James's contention, the judge's intervention did not limit his cross-examination of the witness. Although the judge's direction that there be no conversation between defense counsel and the witness could have been phrased more carefully, it is clear that the judge was merely telling counsel and the witness to speak louder.

[6] Defendant James next assigns error to the denial of his motions for nonsuit. This assignment of error cannot be sustained. The essential elements of the offense of armed robbery set forth in G.S. 14-87 are "(1) the unlawful taking or attempted taking of personal property from another; (2) the possession, use or threatened use of 'firearms or other dangerous weapon, implement, or means'; and (3) danger or threat to the life of the victim." *State v. Joyner*, 295 N.C. 55, 63, 243 S.E. 2d 367, 373 (1978).

The State's evidence showed that when Jackson, the complaining witness, walked up to the group of men at the Pic-n-Pay store, "James pushed at him and his watch fell off and he picked it up. . . . Tyrone James picked the watch up off the ground." This evidence shows that James unlawfully took the personal property of another. The State's evidence also showed that defendant Moore endangered the life of the victim by the use of a dangerous weapon. While there was no evidence that James actually cut or threatened to cut the victim, the evidence was sufficient to show that James was acting in concert with Moore. Although no express agreement was shown, the evidence supports a finding that

James and Moore were jointly taking advantage of an unexpected criminal opportunity. Thus, the State presented substantial evidence of each element of the offense of armed robbery.

Defendant James also contends that even if the State presented sufficient evidence of armed robbery, the court erred in failing to submit to the jury the lesser included offense of larceny. James accurately points out that the court must instruct on lesser included offenses if there is evidence from which the jury could find the lesser crime was committed. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971). However, neither the defendants' nor the State's evidence shows that James committed the offense of larceny.

The nature of Moore's attack upon Jackson is crucial in determining the offense or offenses committed by James. Although the court gave Moore the benefit of a jury instruction on self-defense, the evidence was insufficient to support a plea of self-defense. Moore's testimony shows that his attack upon Jackson with a razor was in response only to Jackson's actions in removing his vest and approaching, alone and unarmed, a group of men. These actions were insufficient to put Moore in real or apparent danger of bodily injury or offensive bodily contact. Thus, Moore's own testimony establishes that he was, at the least, guilty of an assault upon Jackson with a deadly weapon.

The evidence then shows that James joined in the criminal activities begun by Moore, taking advantage of Jackson's position as the victim of Moore's attack with a dangerous weapon to steal Jackson's watch. Although no advance plans were made to rob Jackson, this evidence clearly tends to show that James was acting in concert with Moore to accomplish the taking of personal property by the use of a dangerous weapon, accompanied by danger or threat to the victim's life. This evidence amounts to armed robbery, and it does not show the offense of larceny. Therefore, the court properly declined to instruct the jury on larceny, and this assignment of error must be overruled.

[7] When the judge asked defendant James if he had any evidence to present, James's attorney requested permission to present his testimony later in the trial. The judge did not respond directly to the request but directed another defendant, Cornelius, who is not involved in this appeal, to present his evidence. James

now contends that he was denied a proper opportunity to present his evidence. We disagree. The sequence of introducing evidence rests largely in the discretion of the trial judge, subject to the necessity of allowing each party a fair opportunity to present evidence. 1 Stansbury's N.C. Evidence (Brandis Rev.) § 22. After defendant Cornelius presented his evidence, James's attorney announced that "[t]he defendant, Tyrone James, rests." He made no request or attempt to present evidence. Therefore, the record shows that he was not denied an opportunity to present evidence later in the trial.

[8] The final assignment of error presented by defendant James is directed to supplementary instructions the judge gave the jury after deliberations had begun. A juror asked the judge to "restate the State's position on robbery as it relates to two or more persons." James contends that the judge's answer was not responsive to the juror's question. The record does not support this contention. The judge explained the law of acting in concert, and after giving the explanation, the juror indicated that the judge had properly answered the question. The judge's answer was a fair and accurate statement of the law of acting in concert and was consistent with his instructions in the main portion of the charge. This assignment of error must be overruled.

We conclude that both defendants received a fair trial, free from prejudicial error.

No error.

Judges CLARK and ERWIN concur.