STATE OF NORTH CAROLINA v. WILLIAM ALLEN HARRIS

No. 7915SC910

(Filed 15 April 1980)

1. **Criminal Law §§ 75.5, 75.9— incriminating statements—Miranda warnings— volunteered statements**

Defendant's incriminating statements to officers were competent where the evidence showed that defendant was given the *Miranda* warnings and signed a written waiver of his rights before making in-custody statements, and

that inconsistent statements made by defendant to the investigating officer at the crime scene were volunteered and not the result of interrogation.

**2. Criminal Law § 89.2— prior statements of witnesses—admissibility for corroboration**

Testimony by officers as to what certain witnesses had told them was properly admitted for the purpose of corroborating the previous testimony of those witnesses, and defendant had a duty to point out to the court any part of the officers' testimony which he contended did not tend to corroborate the witnesses.

**3. Criminal Law § 112— erroneous instruction on State's burden of proof—error cured by further instructions**

The trial court's erroneous instruction at the outset of the charge that a defendant is presumed to be innocent until the State has shown the jury "from the evidence and by its greater weight" all of the essential elements of his guilt was not prejudicial to defendant in this case where the court on fifteen occasions thereafter properly instructed the jury that the State had the burden of proving defendant's guilt beyond a reasonable doubt.

APPEAL by defendant from *Riddle, Judge*. Judgment entered 17 May 1979 in Superior Court, CHATHAM County. Heard in the Court of Appeals 4 March 1980.

Defendant was tried and convicted of murder in the second degree. The state's evidence showed the defendant was in the house of Mary Elizabeth Jones with John Yarborough and several other persons. There was a shotgun "sitting beside the wall" inside the house. There was no argument, a shot was heard and Yarborough was hit. The defendant was standing in the room with the shotgun in his hands. Yarborough was sitting down when he was shot. The defendant, who was also called "Bird," told Deborah Taylor he had shot Yarborough and demonstrated to her how he did it. Yarborough was shot in the stomach and died as a result of the wound.

Defendant's evidence indicated the fatal shot was fired while defendant and Elwood Taylor were scuffling over the gun. Defendant testified the gun fired when he tried to grab it from Elwood Taylor. The defendant said the gun belonged to his boss, Larry Greene, and that he had borrowed it and brought it to Mary's house.

Defendant appealed from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Gunn & Messick, by Robert L. Gunn, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant contends his incriminating statements to the officers were incompetent. The evidence shows an officer advised defendant of his constitutional rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694 (1966), and he signed a written waiver before making any statements. The defendant also made two inconsistent statements to another officer, Charles Hinton. Although Officer Hinton advised defendant and others who were present when he arrived at the scene of their rights, he did not ask defendant any questions. Defendant and others volunteered statements to the officer. Defendant first said he had dropped the gun and it fired. Later, he said he had bumped it against the stove and it went off.

The record is not entirely clear as to what part of the testimony concerning defendant's statements was out of the hearing of the jury. The court did not enter a formal order finding facts with conclusions of law concerning the voluntariness of defendant's statements. This, of course, is the best practice for a trial judge to follow. When, as in this case, no conflicting testimony is offered on voir dire, it is not error for the judge to admit defendant's incriminating statements without making specific findings. *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971). We find no prejudicial error in this assignment.

[2] Defendant objected to testimony by the officers relating what the witnesses Ernest Lee, Elwood Taylor and Deborah Taylor told them. Judge Riddle properly instructed the jury in each instance that the evidence was only competent to corroborate the previous testimony of the witness, if indeed it did so corroborate. Such testimony is competent for this purpose. An unbroken line of cases beginning with *Johnson v. Patterson*, 9 N.C. 183 (1822), sustains this rule. Where defendant contends part of the testimony does not tend to corroborate the prior witness's testimony, he has a duty to point out to the court the objectionable part. *State v. Brooks*, 260 N.C. 186, 132 S.E. 2d 354 (1963). This, defendant failed to do. The assignment is overruled.

[3]  Last, defendant argues the court erred in the following por-
tion of the charge:

> In North Carolina when a defendant enters a plea of not guil-
> ty, he is presumed to be innocent at the outset and all—at all
> stages of the trial until the State has shown you from the
> evidence and by its greater weight all of the essential
> elements of his guilt.

Clearly, this is error. The question is whether it was prejudi-
cial to defendant in this case. The state's evidence as adopted by
the jury is overwhelming proof of defendant's guilt of the crime
charged.

The erroneous instruction was given at the very outset, in
the third paragraph of the court's charge. It occurred in the
preliminary portion of the charge, being the seventh sentence in
the charge. Thereafter, the court summarized the evidence for
four pages in the record, then turned to the explanation of the
law in the case. Following are portions of these instructions:

> I charge if you find the defendant guilty of second degree
> murder, the State must prove two things beyond a
> reasonable doubt.

> If the State proves beyond a reasonable doubt that the de-
> fendant intentionally killed

> The burden is on the State to prove beyond a reasonable
> doubt that the defendant did not act in the heat of passion

> For you to find the defendant guilty of involuntary
> manslaughter, the State must prove two things beyond a
> reasonable doubt.

> The burden remains on the State to prove the defendant's
> guilt beyond a reasonable doubt.

> So I charge that if you find from the evidence beyond a
> reasonable doubt that on or about the 6th of January, 1979,
> the defendant intentionally and with malice and without
> justification or excuse shot the deceased with a deadly
> weapon,

> However, if you do not so find or have a reasonable doubt as
> to one or more of these things,

If you find from the evidence beyond a reasonable doubt that on or about the 6th of January, 1979, the defendant intentionally and without justification or excuse shot

but the State has failed to satisfy you beyond a reasonable doubt that the defendant acted with malice

because it failed to satisfy you beyond a reasonable doubt

However, if you do not so find or if you have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty of voluntary manslaughter.

If you find from the evidence beyond a reasonable doubt that on or about January 6, 1979, the defendant shot the deceased in a criminally negligent way

However, if you do not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

When the defendant asserts that the victim's death was the result of an accident, he is in effect denying the existence of those facts which the State must prove beyond a reasonable doubt in order to convict him.

The State must satisfy you beyond a reasonable doubt that the victim's death was not accidental before you return a verdict of guilty.

Fifteen different times the court properly told the jury that the state was required to satisfy them beyond a reasonable doubt before the defendant could be convicted. In the all-important mandate on each charge, the court's instructions were correct.

Three North Carolina cases are particularly instructive on this question. In *State v. Johnson*, 227 N.C. 587, 42 S.E. 2d 685 (1947), the trial court twice gave the jury the incorrect quantum of proof, the second time occurring when the jury returned for further instructions after reporting they were "tied up on" an issue in the case. The Supreme Court held the errors required a new trial, even though the correct rule of proof had been given by the court at other times in the charge.

"[A]n erroneous instruction on the burden of proof is not ordinarily corrected by subsequent correct instructions upon the

State v. Harris

point." *State v. Harris*, 289 N.C. 275, 280, 221 S.E. 2d 343, 347 (1976). This holding by the Supreme Court arose from an instruction by the trial judge that erroneously placed upon defendant the burden of proving accident as a defense to a murder charge.

As the Court stated, *ordinarily* a subsequent correct instruction will not correct an erroneous charge on burden of proof. An example of an exception to this rule is found in *State v. Moore*, 37 N.C. App. 248, 245 S.E. 2d 898, *cert. & disc. rev. denied*, 295 N.C. 651, 248 S.E. 2d 254, 255 (1978). In *Moore*, the trial judge in preliminary instructions to the prospective jurors told them that the state's burden of proof was by the greater weight of the evidence. Thereafter, in defendant Moore's trial the court properly instructed the impanelled jury that the burden was beyond a reasonable doubt. The Court held the prior instruction was without prejudice to defendant, concluding that the subsequent correct instruction was sufficient to overcome any possible prejudice caused by the incorrect statement.

Even as the Court in *Moore* provided the cutting edge for realistic appraisal of the effect of jury instructions, we now continue this effort toward realism in the examination of the relationship between instructions by the trial judge and the jury.

We hold, therefore, that here, as in *Moore*, the incorrect instruction was not prejudicial to defendant. The later fifteen instances in which the court properly charged the state's burden of proof were sufficient to remove any possible prejudice caused by the earlier single *lapsus linguae*. The charge as a whole presented the law of burden of proof to the jury in such a manner as to leave no reasonable cause to believe that the jury was misled. *Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967).

In defendant's trial we find no prejudicial error.

No error.

Judges PARKER and HILL concur.