STATE OF NORTH CAROLINA v. WILLIAM BUIE GRAHAM, Defendant

No. COA00-883

(Filed 7 August 2001)

**1. Criminal Law— burden of proof—greater weight of evidence—beyond a reasonable doubt**

Although the trial court erred in a first-degree rape, first-degree sexual offense, and taking indecent liberties case by its preliminary instruction to the jury explaining the law of circumstantial evidence that the jury could convict defendant based upon the greater weight of the evidence, the trial court did not commit plain error when it properly instructed the jury fifty times that the State had to prove its case beyond a reasonable doubt for all fifteen charges brought against defendant.

**2. Constitutional Law— double jeopardy—acting in concert jury instructions**

The trial court committed plain error in a first-degree rape, first-degree sexual offense, and taking indecent liberties case by its jury instructions on those counts where defendant was convicted on the theory of acting in concert with his coparticipant, because: (1) use of the pattern jury instruction without amendments allowed the jury to convict defendant based on acting in concert regardless of whether the jury believed that defendant had acted together with his coparticipant as the coparticipant committed the offense, or whether defendant committed the offense acting alone; and (2) since defendant was separately convicted for all of the same offenses based on his own actions, the instructions allowed defendant to be convicted twice for the same offense in violation of his right to be free from double jeopardy. U.S. Const. amends. V and XIV; N.C. Const. art. I, § 19.

**3. Rape; Sexual Offenses— short-form indictments—constitutionality**

Although defendant contends the short-form indictments charging him with first-degree rape and first-degree sexual offense were deficient based on a failure to allege the elements that distinguished the crimes as first-degree, our Supreme Court has already upheld the constitutionality of these indictments.

STATE v. GRAHAM

[145 N.C. App. 483 (2001)]

Appeal by defendant from judgment entered 20 April 1998 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 May 2001.

Attorney General Michael F. Easley, by Assistant Attorney General Sylvia Thibaut, for the State.

Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant.

HUDSON, Judge.

Defendant was convicted of two counts of first degree rape, five counts of first degree sexual offense, and six counts of taking indecent liberties with a child. He contends the trial court gave the jury improper instructions regarding the State's burden of proof and on the theory of acting in concert. Because we agree the trial court committed plain error in its instructions on the charges for which defendant was convicted on the theory of acting in concert, we hold that defendant is entitled to a new trial for those crimes, identified in case numbers 97 CRS 25655 (count #2), 25658, 25661, and 25662.

The State presented evidence at trial tending to show the following: on 12 June 1997, Melissa Robertson (Robertson), Brandy Jo Boyd (Boyd), and Lori Mark (Mark), all fourteen years old, decided to try to get a ride to Rock Hill, South Carolina, in order to visit Boyd's boyfriend. Mark, who was at a Harris Teeter store that evening, approached defendant and Ashley Burnette (Burnette), who were sitting in a pick-up truck in the store parking lot. Mark asked the men if they would be willing to give the girls a ride to Rock Hill for thirty dollars. Defendant, twenty-one years old, agreed to do so and proceeded with Burnette and Mark to pick up Robertson and Boyd at pre-arranged sites.

After driving on Highway 51 for a distance, defendant pulled onto a dirt road and stopped at a barn. He forced the girls out of the back of the truck and into the barn. Once everyone was inside the barn, he forced Boyd to have oral, vaginal, and anal sex with him, and made both Mark and Robertson fellate him. Burnette also forced Boyd to have oral and vaginal sex and made Mark fellate him. After these sexual assaults, defendant forced the girls to curl up into balls on the floor, covered them with straw, and the girls were struck with hard objects. Defendant told the girls not to move or he would kill them. After defendant and Burnette left, the girls escaped, found a telephone, and called the police.

At a trial commencing 30 March 1998, defendant was convicted of the following crimes: first degree rape of Boyd, first degree rape of Boyd by acting in concert with Burnette, taking indecent liberties with Boyd by having sexual intercourse with her, taking indecent liberties with Boyd by acting in concert with Burnette who had sexual intercourse with her, first degree sexual offense against Boyd by forcing her to perform oral sex, first degree sexual offense against Boyd by acting in concert with Burnette who forced her to perform oral sex, taking indecent liberties with Boyd by forcing her to perform oral sex, taking indecent liberties with Boyd by acting in concert with Burnette who forced her to perform oral sex, first degree sexual offense against Boyd by having anal sex with her, first degree sexual offense against Mark by forcing her to perform oral sex, taking indecent liberties with Mark by forcing her to perform oral sex, first degree sexual offense against Robertson by forcing her to perform oral sex, and taking indecent liberties with Robertson by forcing her to perform oral sex. Judge Robert P. Johnston entered judgment in accordance with the jury's verdicts on 20 April 1998. Defendant filed a petition for writ of certiorari to this Court on 29 September 1999, which petition was allowed.

[1] Defendant first argues on appeal that the trial judge instructed the jury that it could use the wrong burden of proof in convicting defendant. The judge gave the jury an instruction on the law of circumstantial evidence as follows:

> The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. The law simply requires the party having the burden of proof on a particular issue to satisfy the jury as to that issue by the greater weight of the evidence in the case.

Clearly, the judge erred in instructing the jury that it could convict defendant based upon "the greater weight of the evidence." *See State v. Blue*, 138 N.C. App. 404, 415, 531 S.E.2d 267, 275 (2000), *aff'd in part, rev'd in part on other grounds*, 353 N.C. 364, 543 S.E.2d 478 (2001) (where judge gave the exact instruction given in this case). In a criminal trial, the State must prove its case "beyond a reasonable doubt." *Id.*

The State points out that the court instructed the jury using the correct "beyond a reasonable doubt" standard numerous times else-

where in its charge. Defendant correctly responds that "an erroneous instruction on the burden of proof is not ordinarily corrected by subsequent correct instructions upon the point." *State v. Harris*, 289 N.C. 275, 280, 221 S.E.2d 343, 347 (1976). However, there are exceptions to this rule. In *State v. Harris*, 46 N.C. App. 284, 288, 264 S.E.2d 790, 792 (1980), this Court considered a case where the trial court had given an improper instruction on the burden of proof one time, but had given the correct instruction fifteen times and had instructed the jury properly in the "all-important mandate on each charge." In that case, we determined that "[t]he charge as a whole presented the law of burden of proof to the jury in such a manner as to leave no reasonable cause to believe that the jury was misled." *Id.* at 289, 264 S.E.2d at 793.

In the present case, although the trial court gave an erroneous preliminary instruction regarding the burden of proof while explaining the law of circumstantial evidence, it instructed the jury properly that the State had to prove its case beyond a reasonable doubt repeatedly for all fifteen charges brought against defendant. In total, the court instructed the jury that the State's burden of proof was "beyond a reasonable doubt" fifty times. As in *Harris*, we do not believe there is reasonable cause to believe the jury in this case was misled regarding the State's burden of proof. Certainly, the trial court's single erroneous jury instruction on the burden of proof does not amount to plain error, which defendant must show given that he did not object to the instruction at trial. *See* N.C.R. App. P. 10(c)(4).

[2] Defendant next argues the trial court erred in its instructions to the jury on those counts where he was convicted on the theory of acting in concert with Ashley Burnette, specifically, in 97 CRS 25655 (count #2), 25658, 25661, and 25662. For example, in charging the jury on the crime of first degree sexual offense against Boyd by acting in concert with Burnette when Burnette forced Boyd to fellate him, the judge stated:

> So I charge that if you find from the evidence beyond a reasonable doubt that on or about June 13th, 1997, the defendant acting *either by himself* or acting together with Ashley Burnett [sic] committed these offenses, then you would find him guilty.

(emphasis added).

The court gave similar instructions in the other three instances where defendant was convicted on the theory that he acted in con-

cert with Burnette, including for the first degree rape of Boyd and two counts of taking indecent liberties with Boyd.

The State contends the foregoing instruction was proper because it was taken from the pattern jury instruction for acting in concert. *See* N.C.P.I.—Crim. 202.10. However, defendant correctly asserts that the· cited instruction allowed the jury to convict him twice for the same crime. To be precise, the jury instruction allowed the jury to convict defendant based on the theory of acting in concert regardless of whether the jury believed that defendant had acted together with Burnette as Burnette committed the offense, or believed that defendant committed the offense acting alone. Since defendant was separately convicted for all of the same offenses based on his own actions, the cited jury instructions allowed defendant to be convicted twice for the same offense, and thus violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution and under Article I, § 19, of the North Carolina Constitution to be free from double jeopardy. *See State v. Murray*, 310 N.C. 541, 547, 313 S.E.2d 523, 528 (1984) (defendant subjected to double jeopardy if convicted twice for same offense). Thus, use of the pattern instructions without appropriate amendment under the circumstances of this particular case rendered the charge confusing.

Defendant did not object at trial to any of the erroneous jury instructions discussed above. He is thus limited to arguing the trial court committed plain error. *See* N.C.R. App. P. 10(c)(4). Plain error may be found where the trial court has committed *"fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (emphasis in original) (citation omitted). In this case, where the trial court instructed the jury in a manner such that the jury was allowed to convict defendant twice for the same offense, fundamental error occurred. Defendant is therefore entitled to a new trial with corrected jury instructions for the crimes with which he was charged on the basis of acting in concert with Ashley Burnette.

[3] Defendant finally objects that he was charged with first degree rape and first degree sexual offense using the short-form indictments set forth in N.C.G.S. § 15-144.1 (1999) and N.C.G.S. § 15-144.2 (1999), respectively. Defendant asserts these indictments were deficient in that they failed to allege the elements that distinguished the crimes as first degree. Defendant acknowledges that the North Carolina

Supreme Court has upheld the use of such short-form indictments in *State v. Wallace*, 351 N.C. 481, 505, 528 S.E.2d 326, 342, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). This assignment of error is thus overruled.

In conclusion, we find no error in defendant's conviction of charges in 97 CRS 25655 (count #1), 25656, 25657, 25660, 25663, 25664, 25665, 25666, and 25667; however, he is due a new trial in 97 CRS 25655 (count #2), 25658, 25661, and 25662.

No error in part; new trial in part.

Judges MARTIN and HUNTER concur.