STATE OF NORTH CAROLINA v. DON RAY REYNOLDS

No. COA03-18

(Filed 4 November 2003)

**1. Search and Seizure— traffic stop—probable cause**

An officer had probable cause to stop a marijuana defendant's car where the officer observed defendant speeding and not using a turn signal when changing lanes.

**2. Evidence— traffic stop—marijuana discovered—acquittal of traffic offense—not admissible**

A marijuana defendant arrested after a traffic stop was not entitled to present evidence of his acquittals on the traffic violations. The court made specific findings to support its conclusion that the officer had an independent, reasonable, and articulable basis for the traffic stop, and evidence of acquittal is not determinative to finding probable cause for the stop.

**3. Criminal Law— entrapment instruction not given—evidence of predisposition**

The trial court did not err in a prosecution for possession of marijuana with intent to sell and deliver by not instructing the jury on entrapment. The State presented evidence tending to show that defendant was predisposed to commit the crime in that an informant testified about buying drugs from defendant before becoming an informant.

**4. Sentencing— restitution—undercover marijuana purchase**

There was no error in requiring a marijuana defendant to pay thirty dollars in restitution for the money used for an earlier marijuana purchase for which he was not charged. The first purchase was part of an ongoing investigation leading to defendant's conviction for the second offense.

**5. Sentencing— further active jail time—avoided by fine**

There was no error in a marijuana sentence which allowed the defendant to avoid a portion of his active jail time by paying a fine.

Appeal by defendant from judgment entered 17 September 2002 by Judge A. Moses Massey in Rockingham County Superior Court. Heard in the Court of Appeals 15 October 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General John R. Corne, for the State.*

*Bryan Gates, for defendant-appellant.*

TYSON, Judge.

A jury convicted Don Ray Reynolds ("defendant") of possession with the intent to sell and deliver marijuana on 17 September 2002.

## I. Facts

On 16 September 2001, Reidsville Police Department Detective Cathy Owens ("Detective Owens") arranged for a confidential informant to purchase marijuana from defendant. The informant had purchased marijuana from defendant prior to becoming an informant in August, 2001. Detective Owens monitored the sale on 16 September 2001 but did not arrest or charge defendant.

On 18 November 2001, Detective Owens asked the informant to again contact defendant and seek to purchase marijuana. The informant called defendant from a phone at the Reidsville Police Station and requested to purchase two ounces of marijuana. Detective Owens wanted to determine if defendant could obtain that quantity of marijuana. Defendant told the informant that he did not have two ounces but would try to obtain it by the following day. The informant called defendant the next evening. Defendant told the informant that he could obtain the marijuana and set a meeting at 6:30 p.m. at a Food Lion parking lot where they had previously met.

Reidsville Police Department Sergeant Jason Purguson ("Sergeant Purguson") supervised the operation after Detective Owens informed him that the informant and defendant had arranged a transaction. Sergeant Purguson told Officer Jimmy Hutchens ("Officer Hutchens") about the operation, gave him a description of defendant's vehicle, and asked him to patrol the area. Sergeant Purguson and Detective Owens staked out the Food Lion parking lot and observed defendant drive his vehicle enter the parking lot. Officer Hutchens drove by the Food Lion and saw defendant exit the parking lot onto Highway 14 at a high rate of speed. Officer Hutchens followed defendant's car. He testified that defendant changed lanes without signaling and began traveling about 70 to 75 miles-per-hour in a 55 miles-per-hour speed zone.

Officer Hutchens stopped defendant based on these traffic violations and asked for his license and registration. Officer Hutchens tes-

STATE v. REYNOLDS

[161 N.C. App. 144 (2003)]

tified that he detected the odor of marijuana coming from inside the car and asked defendant to step out of the vehicle. When Officer Hutchens told defendant that he could smell marijuana, defendant told him that a bag of marijuana was located in the driver's side door. Officer Hutchens located the bag of marijuana. He continued to search defendant's vehicle and found two additional bags of marijuana between the driver's seat and console, two postal scales, and plastic bags. Officer Hutchens then placed defendant under arrest.

Defendant moved to suppress the evidence seized during Officer Hutchens' search. He filed an affidavit: (1) denying that he was speeding; (2) denying that he admitted to having marijuana; and (3) denying that he granted Officer Hutchens permission to search his car. The court denied defendant's motion and concluded that Officer Hutchens had an "independent, reasonable, and articulable basis for the traffic stop and detention of the Defendant."

A jury convicted defendant of possession with the intent to sell and deliver marijuana. He was sentenced to a minimum of six months and a maximum of eight months imprisonment. The court suspended his sentence and entered judgment placing defendant on supervised probation for forty-eight months. Defendant was also ordered to serve an active term of sixty days in jail and pay $2,430.00 in fines and restitution with a requirement that five hundred dollars be paid before release from jail. The judgment included restitution of thirty dollars, to reimburse the cost of the controlled buy that occurred on 16 September 2001. Defendant appealed.

## II. Issues

Defendant contends the trial court erred by: (1) denying his motion to suppress; (2) denying his request to instruct the jury on entrapment; (3) requiring defendant to provide restitution for conduct other than the offense of the conviction; and (4) requiring defendant, an indigent, who was sentenced to the maximum allowable split sentence, to pay five hundred dollars before being released from jail.

## III. Motion to Suppress

Defendant asserts the trial court should have granted his motion to suppress the evidence, seized in the traffic stop, and argues that no probable cause existed for the stop. "Our review of a trial court's denial of a motion to suppress is strictly limited to a determination of whether it's [sic] findings are supported by competent evidence, and

in turn, whether the findings support the trial court's ultimate conclusion." *State v. Allison*, 148 N.C. App. 702, 704, 559 S.E.2d 828, 829 (2002) (citation omitted).

## A. Probable Cause

[1] Defendant argues that this Court should repudiate precedent that permits minor traffic violations to be used as a pretext for stopping cars to search for drugs. "A traffic stop made on the basis of a readily observed traffic violation such as speeding or running a red light is governed by probable cause." *State v. Wilson*, 155 N.C. App. 89, 94, 574 S.E.2d 93, 97 (2002), *disc. rev. denied*, 356 N.C. 693, 579 S.E.2d 98 (2003) (citations omitted). "Probable cause is 'a suspicion produced by such facts as indicate a fair probability that the person seized has engaged in or is engaged in criminal activity.'" *Id.* at 94, 574 S.E.2d at 97-98 (quoting *State v. Schiffer*, 132 N.C. App. 22, 26, 510 S.E.2d 165, 167, *disc. rev. denied*, 350 N.C. 847, 539 S.E.2d 5 (1999)). Our Supreme Court has held that "police action related to probable cause should be judged in objective terms, not subjective terms. Provided objective circumstances justify the action taken, any 'ulterior motive' of the officer is immaterial." *State v. McClendon*, 350 N.C. 630, 635, 517 S.E.2d 128, 131 (1999). In *McClendon*, the Court concluded that police officers had probable cause and were justified in stopping the defendant's vehicle due to a speeding violation, despite the subsequent investigation for illegal drugs. *Id.* at 636, 517 S.E.2d at 132.

Here, Officer Hutchens observed defendant commit two traffic offenses, including exceeding the posted speed limit and failure to use a signal, when changing lanes. Officer Hutchens had probable cause to stop defendant's vehicle. This assignment of error is overruled.

## B. Evidence of Acquittal

[2] Defendant contends that he was entitled to present evidence of his acquittal regarding the alleged traffic violations. He argues that depriving him of the opportunity to show his acquittal effectively strips him of his presumption of innocence. In order to be convicted of the crime charged, the State must prove its case "beyond a reasonable doubt." *State v. Graham*, 145 N.C. App. 483, 485, 549 S.E.2d 908, 910 (2001). This standard clearly imposes a higher burden of proof than the "suspicion" and "fair probability" required to show probable cause. *Wilson*, 155 N.C. App. at 94, 574 S.E.2d at 97.

The trial court is not required to receive evidence of defendant's acquittal on the traffic offenses in order to find probable cause for the traffic stop. The findings of fact and conclusions of law will be upheld as long as the "findings support the trial court's ultimate conclusion." *Allison*, 148 N.C. App. at 704, 559 S.E.2d at 829. Here, the court made specific findings to support its conclusion that the officer had an "independent, reasonable, and articulable basis for the traffic stop and detention of the Defendant." We have affirmed this conclusion of law. Evidence of the acquittal is not determinative to finding probable cause for the stop. This assignment of error is overruled.

## IV. Entrapment

[3] Defendant assigns error to the trial court's failure to instruct the jury on entrapment. To be entitled to an entrapment instruction, the defendant must "present credible evidence tending to support a defense of entrapment before a trial court may submit the question to a jury." *State v. Thompson*, 141 N.C. App. 698, 706, 543 S.E.2d 160, 165, *disc. rev. denied*, 353 N.C. 396, 548 S.E.2d 157 (2001). A defendant has the burden of showing that:

> (1) law enforcement officers or their agents engaged in acts of persuasion, trickery or fraud to induce the defendant to commit a crime, and (2) the criminal design originated in the minds of those officials, rather than with the defendant. The defense is not available to a defendant who was predisposed to commit the crime charged absent the inducement of law enforcement officials.

*Id.*

Here, the State presented evidence tending to show that defendant was predisposed to commit the crime. The informant testified that defendant had sold drugs to the informant on two separate occasions before becoming a confidential informant. The informant had met defendant several years prior to the crime charged and had purchased marijuana at that time as a result of defendant's actions not those of law enforcement officers. Defendant was predisposed to sell marijuana and has failed to meet his burden showing "persuasion, trickery or fraud." *Id.* This assignment of error is overruled.

## V. Restitution

[4] Defendant contends the trial court erred by requiring him to pay thirty dollars in restitution for the money used to purchase marijuana

on 16 September 2001. Defendant did not object to his sentence following the sentencing phase of his trial. N.C.R. App. P. 10(b)(1) (2003) permits appellate review of issues that "by rule or law are deemed preserved." We review this assignment of error under N.C. Gen. Stat. § 15A-1446(d)(18) which allows for review of sentencing errors where there was no objection at trial.

"A defendant may be required to make restitution or reparation to an aggrieved party or parties who shall be named by the court for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant." N.C. Gen. Stat. § 15A-1343(d) (2001). N.C. Gen. Stat. § 90-95.3(a) allows courts to require defendants to make restitution to law enforcement agencies for undercover purchases. This statute states that "[w]hen any person is convicted of an offense under this Article, the court may order him to make restitution to any law-enforcement agency for reasonable expenditures made in purchasing controlled substances from him or his agent as part of an investigation leading to his conviction." N.C. Gen. Stat. § 90-95.3(a) (2001).

Defendant was not charged with or arrested for the sale that took place on 16 September 2001. In sentencing defendant for the 19 November 2001 offense, the court ordered defendant to pay the sum of thirty dollars, the amount used to purchase the marijuana from defendant in September, as restitution to the Reidsville Police Department Drug Fund. The purchase in September was part of an ongoing "investigation leading to his conviction" for an offense committed 19 November 2001. N.C. Gen. Stat. § 90-95.3 (2001). The money defendant was ordered to pay is a "loss . . . arising out of the offense or offenses committed by the defendant." N.C. Gen. Stat. § 15A-1343(d) (2001). This assignment of error is overruled.

## VI. Fines

[5] Defendant argues the trial court erred by requiring him to pay five hundred dollars as a condition of his release from jail. The court's order states that "defendant [to remain] in custody until $500 paid or service of full sentence. Defendant to be returned to Rockingham County Jail upon completion of split sentence unless $500 paid." He contends the court's sentence requires him to serve a sentence beyond what N.C. Gen. Stat. § 15A-1351(a) allows. This statute provides that "the total of all periods of confinement imposed as an incident of special probation, but not including an activated suspended sentence, may not exceed six months or one fourth the maximum

IN RE RIKARD

[161 N.C. App. 150 (2003)]

sentence of imprisonment imposed for the offense." N.C. Gen. Stat. § 15A-1351(a) (2001).

Here, the court's sentence afforded defendant an opportunity to avoid active jail time by paying the fine. There is no evidence in the record that defendant has served more than sixty days confinement, much less that his imprisonment exceeded six months. Defendant has failed to show error in the court's sentence. This assignment of error is overruled.

## VII. Conclusion

The trial court properly denied defendant's motion to suppress and his request for a jury instruction on entrapment. We also find no error in the trial court's order requiring defendant to pay thirty dollars in restitution and a five hundred dollar fine as a condition to his release from jail.

No Error.

Judges McCULLOUGH and BRYANT concur.